[Cite as *State v. Shirley*, 2013-Ohio-1948.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-07-127 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>5/13/2013 |
| - vs - | : | |
| | : | |
| MICHAEL SHIRLEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-09-1478

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Michael Shirley, appeals his conviction in the Butler County Court of Common Pleas for failure to verify a current residence, school, institution of higher education, or place of employment address in violation of R.C. 2950.06.

{¶ 2} Appellant was convicted in 1983 of rape, a first-degree felony, and was sentenced to a prison term of 7 to 25 years. Prior to his release from prison on March 1,

2002, appellant was classified as a sexually oriented offender pursuant to Ohio's Megan's Law (which became effective in 1997). As a sexually oriented offender, appellant was required to verify his address on an annual basis for ten years following his release from prison and to notify the sheriff of any change of address. For offenders whose underlying offense was a felony, failure to comply with the reporting requirements of Megan's Law was a fifth-degree felony. *See* former R.C. 2950.99.

{¶ 3} Effective January 1, 2008, the General Assembly repealed Megan's Law and replaced it with the Adam Walsh Act ("AWA"). Pursuant to the AWA, appellant was reclassified in March 2010 by the Ohio Attorney General as a Tier III sexual offender. As a result, he was required to verify his address every 90 days for the rest of his life. Am.Sub.S.B. No. 97 also became effective on January 1, 2008; it amended R.C. 2950.99. Pursuant to R.C. 2950.99(A)(1)(a), the failure to verify an address is the same degree offense as the underlying sexual offense. In appellant's case, that meant that a failure to verify his address would be a first-degree felony.

{¶ 4} In June 2010, the Ohio Supreme Court held that the reclassification provisions of the AWA were unconstitutional because they violated the separation-of-powers doctrine. *See State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424. Consequently, appellant signed a Notice of Registration Duties in January 2011. The form indicated that appellant was once again classified as a "(Pre AWA) Sexually Oriented Offender," and was required to verify his address on an annual basis for ten years.

{¶ 5} On September 21, 2011, appellant was indicted on one count of failure to verify a current residence, school, institution of higher education, or place of employment address in violation of R.C. 2950.06 (failure to verify an address), and one count of failure to provide notice of a change of address or place of employment in violation of R.C. 2950.05(A), both first-degree felonies.

{¶ 6} In February 2012, appellant requested a bill of particulars from the state, but the state failed to comply with appellant's request. Appellant took no further action regarding the bill of particulars. On April 11, 2012, appellant pled guilty to one count of failure to verify an address in violation of R.C. 2950.06; the second count was dismissed. On June 8, 2012, appellant moved to withdraw his guilty plea, but withdrew his motion about two weeks later. On July 11, 2012, the trial court sentenced appellant to three years in prison (the mandatory minimum prison term for a first-degree felony), to be served concurrently with a sentence from Hamilton County.

{¶ 7} Appellant appeals, raising three assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} APPELLANT'S CONVICTION UNDER AMENDED CHAPTER 2950 VIOLATED THE SEPARATION OF POWERS AND RETROACTIVITY CLAUSES IN THE OHIO STATE CONSTITUTION AND THE EX POST FACTO CLAUSE IN THE UNITED STATES CONSTITUTION.

{¶ 10} Appellant seeks the reversal of his conviction on the ground he was indicted under the AWA amendments to Megan's Law in violation of the Ohio Supreme Court's decisions in *Bodyke*, 2010-Ohio-2424, and *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.[1] The state concedes that in light of the Ohio Supreme Court's recent decisions in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, and *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, appellant should have been sentenced to a fifth-degree felony, and not to a first-degree felony.

{¶ 11} In *Bodyke*, the supreme court held that the reclassification provisions of the

---

1. In *Williams*, the supreme court addressed the case of a defendant who had committed a sex offense before, but was sentenced after, the AWA became effective. The supreme court declared that the AWA was punitive and, "as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution which prohibits the General Assembly from passing retroactive laws." *Williams*, 2011-

AWA, which required the attorney general to reclassify sex offenders who had already been classified by court order under former law, were unconstitutional. *Bodyke* at ¶ 60. The court held that, as a result, the reclassification provisions could not "be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." *Id.* at ¶ 66.

{¶ 12} In the case at bar, the language of the indictment clearly indicates that appellant was indicted for a first-degree felony for a violation of the reporting requirements. In *Brunning*, the supreme court addressed whether its holding in *Bodyke* required the vacation of a conviction of a sex offender who was originally classified under Megan's Law but was indicted for violating the AWA where the conduct underlying the conviction constituted a violation under both Megan's Law and the AWA. The supreme court held that:

> offenders originally classified under Megan's Law have a continuing duty to abide by the requirements of Megan's Law. Thus, this court's holding in *Bodyke* does not require vacation of a conviction for violating the AWA when the offender, originally classified under Megan's Law, was indicted for a violation of the AWA that also constitutes a violation under Megan's Law. We note that the applicable penalty provision for such convictions is that contained in former R.C. 2950.99, as held in another decision of this court announced today, *State v. Howard,* 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341.

*Brunning*, 2012-Ohio-5752 at ¶ 31.

{¶ 13} In *Howard*, the supreme court reiterated that "[t]hose who committed their offense before the effective date of the AWA are subject to the provisions of Megan's Law; those who committed their offense after the effective date of the AWA are subject to the AWA." *Howard*, 2012-Ohio-5738 at ¶ 17. With regard to Howard, the court found that:

> in this case we deal with a defendant who violated former R.C. 2950.05, not the current R.C. 2950.05 for which R.C. 2950.99 provides penalties. Pursuant to *Bodyke*, Howard's original

Ohio-3374 at syllabus. The supreme court held that the provisions of Megan's Law would apply to defendants who committed their offenses before the enactment date of the AWA.

> classification under Megan's Law and the associated community-notification and registration order were reinstated. *See Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, at ¶ 66. Howard must abide by the requirements of former R.C. 2950.05, not current R.C. 2950.05. R.C. 2950.99 describes punishments for people who violate the requirements of the AWA—it does not reach back to cover offenders who must abide by Megan's Law. Former R.C. 2950.99 addresses punishments for offenders who violate the provisions of Megan's Law, including former R.C. 2950.05. Current R.C. 2950.99 applies to a different statutory landscape; by its own terms it applies to offenders who violate current R.C. 2950.05. Howard's sex-offender-registration obligations are controlled by Megan's Law. The penalty provisions under Megan's law thus also apply.

*Howard* at ¶ 19.

{¶ 14} In light of the foregoing, we find that (1) appellant remains accountable for the yearly reporting requirement under Megan's Law and former R.C. 2950.06; (2) the Ohio Supreme Court's holding in *Bodyke* does not require vacation of appellant's conviction for failure to verify an address; (3) former R.C. 2950.99, the penalty provision under Megan's Law for offenders who violate the provisions of Megan's Law, applies; and (4) the trial court erred in sentencing appellant under current R.C. 2950.99, rather than former R.C. 2950.99, the penalty provision that existed on the date appellant was originally classified under Megan's Law in March 2002. *State v. Gingell*, 128 Ohio St.3d 444, 2011-Ohio-1481, ¶ 8; *Brunning*, 2012-Ohio-5752 at ¶ 31; *Howard*, 2012-Ohio-5738 at ¶ 19.

{¶ 15} We therefore reverse appellant's sentence and remand the case to the trial court for resentencing as a fifth-degree felony.

{¶ 16} Appellant's first assignment of error is well-taken and sustained.

{¶ 17} Assignment of Error No. 2:

{¶ 18} APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN THE STATE DID NOT PROVIDE A BILL OF PARTICULARS.

{¶ 19} Appellant argues the state's failure to provide the requested bill of particulars was prejudicial because he was unable to properly prepare his defense without a bill of particulars. Appellant asserts that the indictment was "indefinite, vague, and uninformative," and that a bill of particulars was necessary to clarify the charges and to specify whether he was indicted for violating the AWA or Megan's Law.

{¶ 20} The purpose of a bill of particulars is "to clarify the allegations in the indictment so that the accused may know with what he is charged in order to prepare his defense." *Foutty v. Maxwell*, 174 Ohio St. 35, 38 (1962). "Although Crim.R. 7 provides a criminal defendant with the right to obtain a bill of particulars, the failure to provide such does not automatically constitute reversible error." *State v. Ray*, 12th Dist. No. CA2009-06-022, 2010-Ohio-2434, ¶ 11. "An appellate court may only reverse a conviction for a failure to provide a timely requested bill of particulars if appellant demonstrates that his 'lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself.'" *Id.*, quoting *State v. Chinn*, 85 Ohio St.3d 548, 569 (1999).

{¶ 21} In the case at bar, appellant requested a bill of particulars from the state. When the state failed to comply with appellant's request, appellant took no further action. A "'proper method of protesting the state's failure to provide a bill of particulars would have been to file a motion to compel compliance with the order.'" *Ray* at ¶ 12, quoting *State v. Rothman*, 8th Dist. No. 48608, 1985 WL 9762, *2 (Mar. 14, 1985). However, appellant failed to file a motion to compel, and likewise failed to request a continuance to resolve the matter.

{¶ 22} Nor did appellant bring the state's failure to provide a bill of particulars to the trial court's attention. "Because a request for a bill of particulars, like a demand for discovery, is filed with the court but made directly to the prosecutor, the defendant is required to bring the state's failure to respond to the trial court's attention at a time when the error can be

- 6 -

remedied." *State v. Sims*, 9th Dist. No. 94CA005797, 1994 WL 581408, *3 (Oct. 19, 1994).

{¶ 23} Further, as the Ohio Supreme Court held, "Where, as here, the accused, while represented by counsel, withdraws his plea of not guilty and enters a plea of guilty, the need for a bill of particulars no longer exists. An accused by pleading guilty to an indictment waives the right to a bill of particulars." *Foutty*, 174 Ohio St. at 38-39. *See also State v. Williamitis*, 2d Dist. No. 20508, 2004-Ohio-6234 (a defendant waives any claim of error regarding his failure to receive a bill of particulars by proceeding to trial without a bill of particulars or a request for a continuance); *State v. Richards*, 5th Dist. No. 2002CA00057, 2002-Ohio-6847 (by pleading guilty, defendant waived his right to challenge any defects in the indictment as well as the bill of particulars).

{¶ 24} Appellant's second assignment of error is accordingly overruled.

{¶ 25} Assignment of Error No. 3:

{¶ 26} APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS AND WERE VIOLATED WHEN HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL. (sic)

{¶ 27} Appellant argues his trial counsel's failure to compel the state to provide a bill of particulars constituted ineffective assistance of counsel.

{¶ 28} In order to establish ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989). With respect to deficiency, appellant must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland* at 688. With respect to prejudice, appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 694. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to

consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000); *State v. Gilbert*, 12th Dist. No. CA2010-09-240, 2011-Ohio-4340, ¶ 73.

{¶ 29} The state's failure to provide appellant with a timely requested bill of particulars was clearly erroneous. However, we find that trial counsel's failure to obtain a bill of particulars was not prejudicial.

{¶ 30} Appellant was indicted on one count of failure to verify an address in violation of R.C. 2950.06(A) or (C) and one count of failure to provide notice of a change of address in violation of R.C. 2950.05(A), both first-degree felonies. Both counts alleged that appellant failed to verify an address and provide notice of an address change on or about July 11, 2011 through September 2, 2011.

{¶ 31} Documents provided by the state in response to appellant's discovery request included appellant's 1983 sentence for rape, his original classification in 2002 as a sexually oriented offender and his duties as a sexually oriented offender, and a notice of registration duties signed by appellant in January 2011. The latter form indicated that appellant was classified as a "(Pre AWA) Sexually Oriented Offender," was required to verify his address on an annual basis for ten years, and was required to register with the sheriff's office "no later than 07/11/2011."

{¶ 32} At the plea hearing, appellant pled guilty to failure to verify an address in exchange for the dismissal of the second count. The state told the trial court that under the first count, as a result of a 1983 first-degree felony rape conviction, appellant was required to register on July 11, 2011, but failed to do so, even after two warning letters were sent to him. The trial court then accepted appellant's guilty plea.

{¶ 33} Appellant asserts that had the state provided a bill of particulars, appellant would have known which version of R.C. Chapter 2950, the AWA or Megan's Law, he was alleged to have violated. However, appellant has failed to demonstrate how he would have

defended the case differently had he received a bill of particulars. *See State v. Pimental*, 8th Dist. No. 84034, 2005-Ohio-384.

{¶ 34} Appellant was indicted for seemingly violating the AWA where the conduct underlying the charges constituted a violation under both Megan's Law and the AWA. With regard to the second count, the requirements for giving notice of a change of address are the same under both versions of R.C. 2950.05 of the AWA and Megan's Law. By contrast, with regard to the first count, the requirements for verifying an address under R.C. 2950.06 of the AWA and Megan's Law are different: Megan's Law requires a sex offender to verify his address annually, whereas the AWA requires the offender to verify his address every 90 days. Although the conduct described under the first count constituted a violation of the AWA version of R.C. 2950.06, it also constituted a violation under the Megan's Law version of R.C. 2950.06, which appellant was bound to follow. *See Gingell*, 2011-Ohio-1481; *Howard*, 2012-Ohio-5738; and *Brunning*, 2012-Ohio-5752.

{¶ 35} We therefore find that trial counsel's failure to compel the state to provide a bill of particulars did not constitute ineffective assistance of counsel.

{¶ 36} Appellant's third assignment of error is overruled.

{¶ 37} Judgment affirmed in part, reversed in part, and remanded to the trial court for resentencing.


RINGLAND, P.J., and PIPER, J., concur.