[Cite as *State v. Glass*, 2018-Ohio-5060.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

        CASE NO. 11-18-07

    PLAINTIFF-APPELLEE,

    v.

JAMES A. GLASS,                    O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Paulding County Court**
**Trial Court No. CRB1700145**

**Judgment Affirmed**

**Date of Decision:  December 17, 2018**

APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Matthew A. Miller* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant James A. Glass ("Glass") brings this appeal from the judgment of the Paulding County Court finding him guilty of one count of falsification and sentencing him to 20 days in jail and a $300 fine. Glass argues on appeal that the State provided an inadequate bill of particulars and that the trial court erred by excluding exculpatory evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 26, 2017, Glass was charged by complaint with one count of Falsification in violation of R.C. 2921.13(A)(2), a misdemeanor of the first degree. Glass filed a request for a bill of particulars on May 11, 2017. The State filed its response on January 19, 2018, with an amended response filed on April 27, 2018. On July 12, 2017, Glass filed a motion for a handwriting expert to be appointed. The motion was granted and the expert's findings were that although there were some similarities, the evidence was far from conclusive.

{¶3} A jury trial was held on May 2, 2018, and the jury found Glass guilty. On June 4, 2018, Glass was sentenced to 20 days in jail and a $300 fine. Glass then filed a timely notice of appeal. On appeal, Glass raises the following assignments of error.

**First Assignment of Error**

**The trial court erred in failing to grant [Glass'] pretrial motion [to] dismiss based upon an inadequate bill of particulars and an**

**amended bill of particulars that was filed by the State without leave of the court.**

### Second Assignment of Error

**The trial court erred in excluding exculpatory evidence pursuant to Evidence Rule 801.**

### Third Assignment of Error

**The trial court erred in excluding exculpatory evidence pursuant to Evidence Rule 403(A).**

### Fourth Assignment of Error

**The trial court denied [Glass] a fair trial by excluding exculpatory evidence and allowing the trial to proceed despite not granting leave to file an amended bill of particulars.**

*Bill of Particulars*

{¶4} In the first assignment of error, Glass claims that the trial court erred by failing to dismiss the case due to the State's filing both an inadequate bill of particulars and then filing a subsequent bill of particulars without leave of the trial court. The assignment of error raises the question of what the appropriate remedy is if an inadequate bill of particulars is filed. Initially, this Court notes that Glass did not raise this issue before the trial court by complaining about the adequacy of the initial bill of particulars. No motion to dismiss was ever filed with the trial court. Instead, Glass merely raised the issue of the filing of the amended bill of particulars without permission of the court at the beginning of the trial. Although Glass argued

that this might be inappropriate, he did not request that the matter be dismissed or that a continuance be granted when he addressed the trial court. Tr. 31-33.

> **The purpose of a bill of particulars is "to clarify the allegations in the indictment so that the accused may know with what he is charged in order to prepare his defense."** ***Foutty v. Maxwell*, 174 Ohio St. 35, 38 (1962).** **"Although Crim.R. 7 provides a criminal defendant with the right to obtain a bill of particulars, the failure to provide such does not automatically constitute reversible error."** ***State v. Ray*, 12th Dist. No. CA2009-06-022, 2010-Ohio-2434, 11.** **"An appellate court may only reverse a conviction for a failure to provide a timely requested bill of particulars if appellant demonstrates that his 'lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself.'"** ***Id*. quoting *State v. Chinn*, 85 Ohio St.3d 548, 569 (1999).**

*State v. Shirley*, 12th Dist. Butler No. CA2012-07-127, 2013-Ohio-1948, 20. When no bill of particulars or an inadequate bill of particulars is filed, a defendant should file a motion to compel compliance with the request. *Id*. at 21. "Because a request for a bill of particulars, like a demand for discovery, is filed with the court but made directly to the prosecutor, the defendant is required to bring the state's failure to respond to the trial court's attention at a time when the error can be remedied." *State v. Sims*, 9th Dist. No. 94CA005797, 1994 WL 581408 (Oct. 19, 1994). A defendant waives any claim of error regarding the inadequacy of the bill of particulars by proceeding to trial without bringing the matter to the attention of the trial court. *Shirly, supra* at 23. Since Glass did not raise the compliance of the State with the request for a bill of particulars in a timely manner with the trial

court, he has waived the right to raise it now. For this reason, the first assignment of error is overruled.

*Exclusion of Evidence*

**{¶5}** In the second and third assignments of error, Glass claims that the trial court erred by excluding evidence. The admission of evidence is left to the sound discretion of the trial court. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, 104. The trial court's judgment shall not be reversed absent a showing that the trial court abused its discretion. *State v. Thompson,* 3d Dist. Henry No. 7-16-10, 2017-Ohio-792, 85 N.E.3d 1108, 18. "An abuse of discretion is more than an error of judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary, or capricious." *Id*. Glass argues that the trial court's decision to exclude portions of a video were contradictory to the Rules of Evidence. In the second assignment of error, Glass argues that he should have been permitted to show the video because Evidence Rule 806 allows one to impeach a witness with prior inconsistent statements. There is no dispute that the Rules of Evidence allow for impeachment of a witness through the use of inconsistent statements. However, a review of the transcript shows that Glass was playing the video for more than three minutes without asking any questions. Tr. 115. When the State objected, Glass's attorney asked the witness "Do you recall saying in the interview that you didn't know who, who Jim Glass was? At the time of the signing of these documents on July 6th?" Tr. 116. After that question, the following dialogue occurred.

**[Witness]: As I explained earlier in my testimony, the individual that represented himself to me to be James Glass is the same individual that's sitting here. I don't know that that is indeed James Glass, unless someone says yes, this conclusively is him; I didn't know it at the time in the divorce proceeding either. I still, unless someone tells me that's James Glass I don't know. But I know that the individual that signed the mortgage, signed the other documents was James Glass that's sitting here if that's who you're identifying it is.**

**[Attorney]: Sir do you realize under 147.53 of the Ohio Revised Code that a person acknowledge ah, acknowledging ah, a signature ah has to be known to that person or there has to be satisfactory evidence that that person acknowledging that is the person described in and who executed the instrument. At that point you're saying you didn't know for certain who James Glass was and did not ask for a driver's license.**

**[Witness]: No, that's incorrect.**

**[Attorney]: Ok**

**[Witness]: I based it on Jim, this individual coming to my office and presenting a check and providing the information for BP that he was indeed James Glass, he introduced himself to me as James Glass. This same individual then met with me outside the courtroom during his divorce proceedings and again the case was called as James Glass. Mr. Troth was there and so was his wife, based on all of those things I believe that this indeed was James Glass. That's why I took his signature and notarized it.**

Tr. 116-17. At no time during the questioning did Glass attempt to use the video to impeach the witness with an inconsistent statement. Glass does not indicate any specific statement that he wished to use to impeach the witness. Given that Glass does not point to any specific error and apparently was able to question the witness

-6-

about the believed inconsistency, this court does not find any error. The second assignment of error is overruled.

{¶6} Glass argues in the third assignment of error that the trial court erred by excluding Ex. D, which was a check in which Glass' ex-wife signed his name. The check was excluded because there was no expert to compare the signature on the check with the signature on the mortgage. Glass argues that pursuant to the holding in *Bell v. Brewster*, 44 Ohio St.690, 10 N.E. 679 (1887), the check should have been admitted even without an expert's analysis of the signatures. However, the holding of *Bell* does not leave the issue of comparing handwriting to just any non-expert. Instead it held that a non-expert is permitted to compare a genuine sample of one's handwriting with a handwriting in question *if* the non-expert has first-hand knowledge of the alleged author's handwriting. *Id*. There is no question that Glass' ex-wife signed the check shown in Ex. D as she testified to such. However, the jury was not familiar with either her handwriting or Glass' handwriting. Thus, the holding of *Bell* does not require the admission of the exhibit. The record does not persuade this Court that the trial court's determination to exclude the admission of the exhibit was an abuse of discretion. The third assignment of error is overruled.

*Cumulative Error*

{¶7} Finally, Glass argues that the cumulative errors of the trial court denied him a fair trial. Under the doctrine of cumulative error "a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair

trial even though each of the numerous instances of trial-court error does not individually constitute cause for reversal." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, 223. This doctrine does not apply absent multiple instances of harmless error. *State v. Wesson,* 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, 88. Having found no errors in the prior assignments, this Court does not find that multiple instances of harmless error occurred in this case. Thus, the doctrine of cumulative error does not apply and the fourth assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Paulding County Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**