[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Haynes*, Slip Opinion No. 2022-Ohio-4473.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4473

THE STATE OF OHIO, APPELLEE, *v.* HAYNES, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Haynes*, Slip Opinion No. 2022-Ohio-4473.]

*Bill of particulars—Article I, Section 10 of the Ohio Constitution—Crim.R. 7(E)— R.C. 2941.07—Upon written request by defendant, prosecuting attorney must provide defendant with bill of particulars setting forth specifically the nature of the offense charged and of the conduct of defendant alleged to constitute the offense.*

(No. 2021-0215—Submitted February 9, 2022—Decided December 15, 2022.)

APPEAL from the Court of Appeals for Wood County, No. WD-19-035, 2020-Ohio-6977.

_____

BRUNNER, J.

## I.  INTRODUCTION

{¶ 1} In this case, appellant, Ernie Haynes, was indicted for the abduction of his grandchildren who lived and stayed with him after his unmarried daughter

died of a drug overdose and her boyfriend sought to claim them. When Haynes requested a bill of particulars that would help him understand what he had allegedly done and how those actions constituted the offense of abduction, appellee, the state of Ohio, refused to provide one, and the trial court twice refused to compel the state to provide one. On the morning of trial, the state was permitted to amend the indictment to extend the time period covered, and only during the state's closing argument was its theory of when and how the alleged abduction occurred at last clear.

{¶ 2} Haynes had a constitutional right, reinforced by a criminal rule, a statute, and caselaw of this court, to know the nature and cause of the accusation against him and to have that spelled out in a bill of particulars on request. The harm to Haynes from the state's failure to provide him with a bill of particulars in this case is troubling. But the legal and constitutional implications of the decisions below are even more troubling. We reverse the judgment of the Sixth District Court of Appeals, vacate Haynes's conviction, and remand the case for proceedings consistent with this opinion.

## II.  FACTS AND PROCEDURAL HISTORY

{¶ 3} Haynes's daughter, Jennifer Haynes, died suddenly on December 12, 2017, from a drug overdose. Jennifer had seven children, and at the time of her death, she lived with her boyfriend, James Hill-Hernandez, who was likely the biological father of the youngest four children—all boys. At the time of her death, Jennifer was pregnant with her seventh child, who was prematurely delivered from his deceased mother and survived her by less than six months. That child is not one of the children allegedly abducted by Haynes.

{¶ 4} Shortly after Jennifer's funeral on December 18, Hill-Hernandez and Haynes became embroiled in a dispute over the custody of the three boys allegedly fathered by Hill-Hernandez, with both Hill-Hernandez and Haynes seeking custody in court. Hill-Hernandez filed a motion for temporary custody and, on December

19, 2017, received an ex parte order granting him temporary custody of the three boys. But the order was not served on Haynes. The proof-of-service form in the record reflects that the order was sent to Hill-Hernandez and the Seneca County Child Support Enforcement Agency, but not to Haynes. Haynes thereafter filed his own motion for temporary custody and supported his requests with allegations that Hill-Hernandez had a criminal record, used and sold drugs, was an alcoholic, and was an abusive and unfit parent. On December 21, 2017, the Juvenile Division of the Seneca County Common Pleas Court responded to Haynes's request for custody by issuing an order, which the record indicates was sent to Haynes, indicating that there was insufficient information for it to decide the case on an ex parte basis and that it had already issued other orders pertaining to the custody of the children. The court scheduled a hearing for January to decide the matter. The order did not note that Hill-Hernandez had been granted temporary custody or order that the children be returned to him. On December 27, 2017, the children were still with Haynes and his wife, and the court issued a writ of habeas corpus ordering Haynes to return the three boys to the temporary custody of Hill-Hernandez pending the January hearing. The same day, Haynes was arrested and the children were taken from a home in McComb, Ohio, where the children, Haynes and his wife, and some of their extended family had spent the Christmas holiday.

{¶ 5} On February 8, 2018, a grand jury indicted Haynes on six counts of abduction—two counts for each of the three boys. The indictment alleged as to each child that "[o]n or about December 21, 2017 to December 27, 2017" Haynes "did, without privilege to do so, knowingly, by force or threat, remove [his grandchild] from the place where [his grandchild] was found." It also alleged as to each child that "[o]n or about December 21, 2017 to December 27, 2017" Haynes "did, without privilege to do so, knowingly, by force or threat, restrain the liberty of [his grandchild], under circumstances that created a risk of physical harm to [his grandchild] or placed [his grandchild] in fear." Haynes pled not guilty.

**{¶ 6}** On March 21, 2018, approximately six weeks after being indicted, Haynes requested a bill of particulars setting forth

1. [t]he exact nature of the offense(s) charged;

2. [t]he precise conduct of the Defendant alleged to constitute the offense(s) (i.e. principal offender, aider and abettor, etc.); and

3. [t]he exact time that the offense(s) allegedly took place.

The state did not provide it.

**{¶ 7}** Approximately two months later, on May 30, 2018, Haynes moved the court to compel the state to produce a bill of particulars. Haynes argued:

The State of Ohio has refused to respond to the defense's Request for Bill of Particulars. The State of Ohio has refused to comply with the law in this regard and specify for the Defendant what conduct they believe the Defendant engaged in which they alleged to constitute the offenses of Abduction. In particular, the State of Ohio has refused to provide discovery to the Defendant or otherwise specify in a Bill of Particulars what force or threat was used to remove the children and what circumstances existed that created a risk of physical harm to the children.

Undoubtedly the State of Ohio will argue to the Court that they have provided discovery to the Defendant which they argue will take place of the Bill of Particulars, but it is entirely unclear from the review of the discovery provided by the State of Ohio what conduct of the Defendant they believe to have constituted these elements.

4

**{¶ 8}** When the state still did not provide a bill of particulars and the court failed to address Haynes's motion, Haynes, on July 23, 2018, again moved to compel the state to produce a bill. In this motion, his attorney noted that he had "received a response to his Request for Bill of Particulars, simply reciting the statute setting forth the offense for which the Defendant was indicted, and then referring the Defendant to discovery that was to be provided to him by the State of Ohio." He then elaborated: "The State of Ohio has refused to respond to the defense's Request for Bill of Particulars indicating that the discovery provided should suffice to set forth the conduct of the Defendant they believed to have constituted the offense. However, it is not clear, at all, what conduct of the Defendant allegedly caused a violation of law."

**{¶ 9}** The trial court denied the motions to compel. In its entirety, the order states as follows:

> This matter is before the Court on Defendant, Ernie Haynes' Motion to Compel Production of Bill of Particulars, filed on July 23, 2018.
>
> The State of Ohio has a practice of providing open-file discovery. "No bill of particulars is required when the state allows open-file discovery." *State v. Coffey*, 6th Dist. Lucas No. L-12-1047, 2013-Ohio-3555, ¶ 35. Accordingly, the Court finds Defendant's Motion to Compel Production of Bill of Particulars not well-taken and denied.

**{¶ 10}** On the morning of trial, the state voluntarily dismissed the counts alleging that Haynes had restrained the liberty of each of his grandchildren under circumstances that created a risk of physical harm or placed them in fear. It also

amended (without objection from the defense) the time frame of the indictment to encompass December 19 and 20. It therefore proceeded on allegations with regard to each of the three boys that "[o]n or about December [19], 2017 to December 27, 2017," Haynes "did, without privilege to do so, knowingly, by force or threat, remove [his grandchild] from the place where [his grandchild] was found."

{¶ 11} At trial, the evidence showed that Haynes and Hill-Hernandez had an argument on December 18, 2017, and that Hill-Hernandez then sought and received a temporary-custody order on December 19, 2017. Haynes also sought a temporary-custody order but, being the second to have sought temporary custody, he received instead an order indicating that there was insufficient information for the court to decide the case on an ex parte basis and that it had already issued other orders regarding the custody of the children. The state presented evidence that Hill-Hernandez had attempted to inform Haynes by text message that he had obtained custody. The state also presented evidence that John Decker (the father of one of Jennifer's other children), with whom the three children at issue sometimes stayed, phoned Haynes at Hill-Hernandez's request to inform Haynes that Hill-Hernandez had obtained temporary custody. Haynes, however, presented his own testimony, the testimony of his wife, and the testimony of an attorney he hired on December 20 to deal with the custody matter, to the effect that he had ceased communicating with Hill-Hernandez and had elected to have his attorney deal with all communications regarding the case. Haynes also recounted that Decker had made disparaging remarks to him about his deceased daughter and that he did not believe Decker when Decker told him that Hill-Hernandez had been granted custody.

{¶ 12} The state and Haynes both presented testimony to the effect that the children stayed with Haynes and his wife for several days after Jennifer's death, including the night of December 18. It was also undisputed that on December 19, one of the children went to school while the remaining two children stayed part of the day with the Deckers before Haynes picked them up. Testimony differed

6

somewhat on what happened next—whether the children spent some time with Haynes's ex-wife (who was their biological grandmother), their uncle (Haynes's son), both, or neither. But it was undisputed that Haynes and his wife accepted an invitation to spend Christmas with relatives in McComb and that on December 22, they traveled to McComb and stayed there with the children until December 27, when Haynes was arrested. The state characterized this as fleeing with the children to avoid compliance with an adverse custody order. Haynes and his wife characterized the decision as an attempt to remove themselves from a stressful situation over the holidays and presented testimony to the effect that they had been advised by their attorney that this would be permissible as they had not been served with a court order requiring Haynes to return the children to Hill-Hernandez.

{¶ 13} Around noon on December 27, Haynes's attorney notified him by email that the court had ordered that the children be returned immediately to the custody of Hill-Hernandez. Haynes and his wife testified that after they received that email on the afternoon of December 27, they finished packing their cars and were preparing to leave McComb and return the children to Hill-Hernandez, when Haynes was arrested. Even the detective who arrested Haynes testified that that may have been the case, based on the scene as he found it.

{¶ 14} In closing, the state argued that Haynes abducted the children when, with knowledge that Hill-Hernandez had obtained temporary custody, Haynes picked the two children up from the Deckers' home on December 19 and had his wife pick up one child from school. It argued that Haynes used force when he buckled the children into their car seats and that he also used force in the sense that a child does not realistically have any ability to resist when a grandparent decides to take him somewhere. The abduction persisted, argued the state, when Haynes and his wife kept the police from finding the children by absconding to McComb. The jury found Haynes guilty of each of the three abduction charges, one for each grandchild.

**{¶ 15}** Haynes moved for an acquittal and to dismiss, arguing that no force or threat had been shown and pointing out, as relevant to this case, that he was hampered in his defense by not knowing, until closing argument, that it was his act of picking up the boys from the Deckers' residence on December 19 that was the basis of the charges. The trial court denied the motions.

**{¶ 16}** On appeal, the Sixth District held that the trial court had not erred in denying Haynes's motion to compel the state to provide a bill of particulars. In support of its holding it (1) cited a trial-practice shortcut as a legal precept—no bill of particulars is required when the state allows open-file discovery, (2) stated that a bill of particulars would not have provided the defense with any additional information, and (3) stated that under the facts of this case, the purpose of the bill of particulars was fulfilled.[1]

---

1. Specifically, the Sixth District stated:

> When the defendant makes a written request, "the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense." Crim.R. 7(E). "A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985).
>
> The defendant complains that, in response to his motion, the state provided a "copy of the indictment and referred to the discovery in this case." In denying the defendant's subsequent motion to compel, the trial court found that, "[t]he State of Ohio has a practice of providing open-file discovery" and " '[n]o bill of particulars is required when the state allows open-file discovery.' " See Aug. 15, 2018 Order, quoting *State v. Coffey*, 6th Dist. Lucas No. L-12-1047, 2013-Ohio-3555, ¶ 35. The defendant argues that *Coffey* is inapplicable because it involved an amendment to a bill of particulars, unlike this case which involves the absence of any bill. However, *Coffey* was not restricted to its facts. And, in any event, this precise issue was recently addressed in *State v. Franklin*, 5th Dist. Muskingum No. CT2019-0042, 2020-Ohio-1263, ¶ 63-71, where the defendant filed a motion to compel a bill of particulars that included "the dates and times or the specific manner" of the offenses. On appeal, the court upheld the denial of the motion to compel, finding that "it is undisputed that the [county prosecutor's office] maintains 'open-file discovery,' pursuant to which the state provides discovery by allowing defense counsel to see all of its files regarding a case without requiring the defense to make a written request for discovery. No bill of

{¶ 17} Haynes appealed to this court, and we accepted his proposition of law asserting that the state is required to provide a bill of particulars when it is timely requested by a defendant. 162 Ohio St.3d 1437, 2021-Ohio-1399, 166 N.E.3d 1255.

## III. DISCUSSION

{¶ 18} The Ohio Constitution explicitly provides that a defendant has the right to know the nature of the accusation being made by the state: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof * * *." Ohio Constitution, Article I, Section 10. Historically, this right was satisfied by detailed indictments. But with the advent of short-form indictments, bills of particulars became necessary in some cases to give the accused specifics as to what conduct the state was alleging constituted the offense, so that the accused could mount a defense. In 1947, we explained this then-recent development:

> A bill of particulars was unknown to Ohio criminal
> procedure prior to the enactment of Amended Senate Bill No. 8 [113

---

particulars is required when the state allows open-file discovery." *Id.* ¶ 69.

Likewise, the defendant in this case sought "the exact time that the offense(s) allegedly took place." It is undisputed that the state provided open file discovery, which according to it, included "a written statement by John Decker indicating [that the defendant] had come over to his home [and] had picked up two of the three children." The discovery file also included police reports, medical reports, and witness statements in the case. Thus, as in *Coffey* and *Franklin*, a bill of particulars would not have provided the defense with any additional information. Accordingly, under the facts of this case, we find that the purpose of the bill of particulars was fulfilled. Accordingly, the defendant's third assignment of error is found not well-taken.

(Brackets sic.) 2020-Ohio-6977, ¶ 47-49.

Ohio Laws 123, 164-165]. *State v. Boyatt*, 114 Ohio St. 397, 151 N.E. 468 [1926]. However, bills of particulars were recognized in the federal courts and several of the state courts.

In 2 Bishop on Criminal Procedure (2 Ed.), Section 643, it is said: "An indictment which the court cannot pronounce ill may still omit details of which the defendant is justly entitled before trial."

This is particularly true of an indictment in short form. To insure compliance with the terms of Section 10, Article I of the Ohio Constitution, the General Assembly in the same legislation authorizing the short form of indictment passed the provision whereby the prosecuting attorney, if seasonably requested, is required to furnish a bill of particulars setting forth more fully the details of the offense charged.

*State v. Petro*, 148 Ohio St. 473, 480-481, 76 N.E.2d 355 (1947).

{¶ 19} Presently, the exact contours of that right are procedurally specified by Crim.R. 7(E):

When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense.

*See also* R.C. 2941.07 ("Upon written request of the defendant made not later than five days prior to the date set for trial, or upon order of the court, the prosecuting attorney shall furnish a bill of particulars setting up specifically the nature of the

10

offense charged and the conduct of the defendant which is alleged to constitute the offense"); *Morris v. Morris*, 148 Ohio St.3d 138, 2016-Ohio-5002, 69 N.E.3d 664, ¶ 30 (noting that the rules of procedure promulgated by this court [such as Crim.R. 7(E)] supersede enactments by the legislature that affect procedural matters [such as R.C. 2941.07]).

{¶ 20} We have previously explained that providing a bill of particulars upon request (under either the rule or the statute) is mandatory:

> "The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged."
>
> The purpose of the bill of particulars is to inform an accused of the exact nature of the charges against him so that he can prepare his defense thereto.
>
> The right to a bill of particulars provided for in this section is not a matter of discretion with the court but is mandatory if the charge laid is vague or indefinite. *State v. Petro*, 148 Ohio St. 473, 76 N.E.2d 355.

*State v. Fowler*, 174 Ohio St. 362, 364-365, 189 N.E.2d 133 (1963), quoting R.C. 2941.07. Continuing forward, in 1999, we stated:

> [I]t was clear error for the prosecution to fail to provide a bill of particulars and for the trial court to have denied [the] appellant's motion. The law is clear: "In a criminal prosecution the state must, in response to a request for a bill of particulars * * *, supply specific dates and times with regard to an alleged offense where it possesses such information."

(Ellipsis sic.) *State v. Chinn*, 85 Ohio St.3d 548, 568-569, 709 N.E.2d 1166 (1999), quoting *State v. Sellards*, 17 Ohio St.3d 169, 478 N.E.2d 781 (1985), syllabus.

{¶ 21} The charges against Haynes were exceedingly vague. With regard to each child, the indictment alleged only that "[o]n or about December 21, 2017 to December 27, 2017," Haynes "did, without privilege to do so, knowingly, by force or threat, remove [his grandchild] from the place where [his grandchild] was found." Under the evidence submitted by both the state and the defense, the boys stayed with Haynes on December 18, stayed with the Deckers (two of the boys) and at school (one of the boys) for part of the next day, and then were picked up by Haynes and his wife later that day. They thereafter traveled, on December 22, to the home of extended family members for Christmas, and Haynes and his wife stayed there with the children until Haynes's arrest on December 27, 2017. What incident during that time constituted "remov[ing]" the grandchildren "from the place where [they were] found," by "force or threat," "knowingly," and "without privilege to do so"? Was it picking them up at the Deckers' house, even though the pick-up from the Deckers happened on December 19 and therefore not within the specified time frame of the indictment prior to its amendment on the morning of trial? Was it the pick-up from school, even though Haynes was not the one who picked up the boy who was at school and even though Haynes and his wife regularly picked the children up from school? Was it taking the boys to see their other family members for Christmas? Was it any other errand or outing they took the children on during the week they were together? Which was being alleged, force or threat? If force was being alleged, what was the alleged force? Was it the mere act of transporting the children? Was it buckling them into the seats of the car?

{¶ 22} To the extent that we can now speculate as to the answers to these questions, we have to remember that we have the benefit of the trial transcript. Trying to answer these questions with only the contents of the discovery

12

provided—police reports and witness statements—and without knowing that the indictment would be amended on the morning of trial would have been an exercise in conjecture. A defendant is not entitled to a prosecutor's work product, such as his trial strategy and estimation of the success of the case, but Haynes had a right to know when the offenses were supposed to have occurred and specifically what conduct he allegedly engaged in that the state was alleging constituted the offenses, Ohio Constitution, Article I, Section 10. Not only did Haynes have a constitutional right to know, but the state had an obligation, based on a criminal rule, a statute, and multiple unequivocal decisions of this court, to produce a bill of particulars telling him what he had a right to know. Crim.R. 7(E); R.C. 2941.07; *Chinn* at 568-569; *Fowler* at 364-65; *Petro* at 480-481. Crim.R. 7(E) plainly states that the "prosecuting attorney *shall* furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense." (Emphasis added.) Despite that mandatory duty, the state, the trial court, and the intermediate court of appeals chose to rely on caselaw of intermediate courts of appeal holding that even though Crim.R. 7(E) plainly sets forth a mandatory duty to provide a bill of particulars, that duty evaporates when full discovery is provided.

{¶ 23} Neither Article I, Section 10, of the Ohio Constitution nor Crim.R. 7(E) nor R.C. 2941.07 contain this exception. None of our decisions has endorsed such an exception. To the contrary, we have made clear that a bill of particulars is not the same thing as discovery and that discovery and the bill of particulars serve different purposes:

> A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense. *See, e.g., State v. Halleck* ([4th Dist.]1970), 24 Ohio App.2d 74, 263 N.E.2d 917; *State v. Dinsio* ([10th Dist.]1964),

4 Ohio App.2d 309, 212 N.E.2d 606. A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery. *State v. Wilson* (1972), 29 Ohio St.2d 203, 280 N.E.2d 915.

*Sellards*, 17 Ohio St.3d at 171, 478 N.E.2d 781.

{¶ 24} Though the state cites many court-of-appeals decisions for the proposition that discovery is a substitute for a bill of particulars, many are unpublished decisions issued before May 2, 2002,[2] *see* Rep.Op.R. 3.4, many mention the matter only in passing without analysis,[3] and many state or suggest that discovery is a substitute for a bill of particulars not in order to hold that no bill was required but, rather, to support the holding that the error in failing to provide one was harmless.[4] Separate from the cases in these three broad categories, the state

---

2. *State v. Tebcherani*, 9th Dist. Summit No. 19535, 2000 WL 1729456 (Nov. 22, 2000); *State v. McDay*, 9th Dist. Summit No. CA19610, 2000 WL 1349804 (Sept. 20, 2000); *State v. Swiger*, 9th Dist. Summit No. 14565, 1991 WL 131528 (July 17, 1991); *State v. Sarnescky*, 9th Dist. Summit No. 12257, 1986 WL 2228 (Feb. 12, 1986); *State v. Hudson*, 9th Dist. Summit No. 10491, 1982 WL 5074 (June 30, 1982); *State v. Eves*, 9th Dist. Summit No. 9811, 1981 WL 3897 (Mar. 11, 1981); *State v. Eskridge*, 9th Dist. Summit No. 9664, 1980 Ohio App. LEXIS 11114 (Aug. 27, 1980).

3. *State v. Miller*, 118 N.E.3d 1094, 2018-Ohio-3430, ¶ 17 (7th Dist.) (noting the issue in passing and without analysis of the veracity of the proposition); *State v. Freeman*, 7th Dist. Mahoning No. 08 MA 81, 2009-Ohio-3052, ¶ 46 (same); *State v. McQueen*, 7th Dist. Mahoning No. 08 MA 24, 2008-Ohio-6589, ¶ 24 (same); *State v. Johnson*, 11th Dist. Lake Nos. 2018-L-001 and 2018-L-002, 2018-Ohio-3968, ¶ 51 (same); *see also State v. Evans*, 2d Dist. Montgomery No. 20794, 2006-Ohio-1425, ¶ 24 (same and also noting that a bill of particulars was not requested).

4. *State v. Sewell*, 112 N.E.3d 1277, 2018-Ohio-2027, ¶ 67-68 (2d Dist.) (holding that there was no showing of prejudice); *State v. Wilson*, 5th Dist. Richland No. 13CA39, 2014-Ohio-41, ¶ 23-24 (same); *State v. Renfroe*, 6th Dist. Lucas No. L-12-1146, 2013-Ohio-5179, ¶ 24-25 (same); *State v. Oliver*, 7th Dist. Mahoning No. 07 MA 169, 2008-Ohio-6371, ¶ 36-39 (same); *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939, ¶ 83-88 (same); *State v. Pittman*, 9th Dist. Summit No. 29705, 2021-Ohio-1051, ¶ 23-24 (same); *State v. Betts*, 9th Dist. Summit Nos. 29575, 29576, and 29577, 2020-Ohio-4800, ¶ 44 (same); *State v. Jamison*, 9th Dist. Summit No. 27664,

heavily relies on two cases: *State v. Coffey*, 6th Dist. Lucas No. L-12-1047, 2013-Ohio-3555, and *State v. Franklin*, 5th Dist. Muskingum No. CT2019-0042, 2020-Ohio-1263. *Coffey* states that no bill of particulars is required when open-file discovery is provided, but that case involves a dissimilar factual circumstance. In *Coffey*, a bill of particulars was provided and then an amended bill of particulars was permitted. 2013-Ohio-3555 at ¶ 12, 34-37. The facts in *Franklin* are more analogous to Haynes's situation, as it affirms the denial of a motion to compel a bill of particulars because of the availability of discovery when the state had informed the defendant, "[T]he State does not provide Bills of Particulars in any criminal matter." 2020-Ohio-1263 at ¶ 15-16, 63-70. However, in light of Article I, Section 10 of the Ohio Constitution, Crim.R. 7(E), R.C. 2941.07, and the several cases we have decided on the issue, *Chinn* at 568-569; *Fowler* at 364-365; *Petro* at 480-481, any decision stating that the provision of discovery excuses a failure to provide a bill of particulars is just plainly erroneous. All such decisions, to the extent they hold otherwise, are no longer good law. Bills of particulars must be provided on request.

{¶ 25} The state argues that Haynes has not shown that he was prejudiced in his ability to prepare his defense as a result of the state's decision to ignore the Constitution, the criminal rule, the statute, and decisions of this court. Of course, it is a fair question whether the "lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself," *Chinn*, 85 Ohio St.3d at 569, 709 N.E.2d 1166. However, the indictment in this case was extremely scant, and it is difficult—even in light of what was presented at trial—to fully understand exactly what conduct amounting to the crime of abduction (rather than, say, interference with custody or contempt)

---

2016-Ohio-5122, ¶ 5-8 (same); *State v. Ross*, 9th Dist. Lorain No. 09CA009742, 2012-Ohio-536, ¶ 20 (same); *State v. Burney*, 10th Dist. Franklin Nos. 15AP-197, 15AP-198, and 15AP-199, 2020-Ohio-504, ¶ 54-55 (same).

Haynes engaged in. If the state would like us to rule that under Crim.R. 52(A), the state's intentional failure to comply with the Constitution and Crim.R. 7(E) was harmless, then the state must show that it was "harmless beyond a reasonable doubt," *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (observing that the burden of proving harmlessness is on the beneficiary of the error and that harmlessness must be proved beyond a reasonable doubt). It has not done so here.

**{¶ 26}** Not every case requires a bill of particulars. Sometimes an indictment tells a defendant all the defendant needs to know to understand exactly what is alleged. In view of that (and the fact that constitutional rights are often waivable), a defendant is free to decide not to request a bill of particulars. But "[w]hen the defendant makes a written request * * *, the prosecuting attorney *shall* furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense." (Emphasis added.) Crim.R. 7(E). In other words, the defendant has a right "to demand the nature and cause of the accusation against him," and if the defendant does, the state must honor that right. Ohio Constitution, Article I, Section 10. There are no exceptions to the requirement; the state must provide a bill of particulars on a defendant's request, even when the prosecutor believes that the defendant is able to glean the nature and cause of the accusation against him from the discovery the state provided or from some other source. The defendant, after all—not the prosecutor—is best situated to know whether or not he understands the accusation against him.

**{¶ 27}** In this case, the defendant clearly did not understand how he could have "abducted" the grandchildren who had lived and stayed with him after his unmarried daughter died of an overdose. Even the trial court, while ruling against Haynes on his motions to dismiss and for acquittal, said that it was "hard to imagine the legislature imagined this particular situation when it enacted the Abduction

16

statute" and that this case had "cause[d] the Court to wonder why the State of Ohio would pursue the criminal prosecution of a matter that might have been better handled through the Seneca County Juvenile Court." The state should have given Haynes notice of exactly what it was alleging he did that could have constituted the offenses charged. Anything other than that fell short of what is required under the Constitution, R.C. 2941.07, Crim.R. 7(E), and caselaw of this court.

## IV. CONCLUSION

{¶ 28} Upon written request by a defendant, the prosecuting attorney must furnish the defendant with a bill of particulars setting forth specifically the nature of the offense charged and of the conduct of the defendant alleged to constitute the offense. A criminal defendant has the right to request the nature and cause of the accusation against him, and if the defendant does make this request, the state must fulfill its obligation to the defendant. In this case, Haynes clearly did not understand how he could have "abducted" his deceased, unmarried daughter's children who lived and stayed with him after she died of a drug overdose. When Haynes was indicted, he requested a bill of particulars. The state did not provide a bill, stating that its providing discovery sufficed. The trial court agreed and overruled two defense motions to compel the state to provide a bill. The matter proceeded to a trial, and the state's theory of the case was not clear until closing argument. The system failed this defendant when the trial court and prosecutor failed to follow the Constitution, a statute, a criminal rule, and caselaw of this court. We reverse the Sixth District Court of Appeals' judgment, vacate Haynes's conviction, and remand this matter to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and DONNELLY and STEWART, JJ., concur.

FISCHER, J., concurs in judgment only.

DeWine, J., dissents, with an opinion joined by Kennedy, J.

_____

**DeWine, J., dissenting.**

{¶ 29} I agree with the majority that the trial court erred when it failed to require the state to provide a bill of particulars to Ernie Haynes. But that doesn't mean we should reverse his conviction. The majority overlooks two things.

{¶ 30} First, Haynes forfeited his argument about the bill of particulars. The argument he makes in this court about how the absence of the bill of particulars deprived him of notice is different from the argument he made in the court of appeals. Second, Haynes was not prejudiced by the state's failure to provide a bill of particulars: the discovery provided by the state contained the information that Haynes was entitled to receive in a bill of a particulars.

### *Haynes is indicted and convicted*

{¶ 31} Haynes was indicted on abduction charges under R.C. 2905.02. These charges stemmed from Haynes taking his three grandchildren to his home in the midst of a custody dispute with the children's father. The abduction statute makes it a crime for any person, without privilege to do so, to "knowingly * * * [b]y force or threat, remove another from the place where the other person is found." R.C. 2905.02(A)(1). A jury found Haynes guilty of three counts of abduction.

{¶ 32} Before trial, Haynes requested that the state provide him a bill of particulars with information about the specific time that the offense occurred as well as the conduct constituting the offense. Crim.R. 7(E) states that upon request, "the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge[d] and of the conduct of the defendant alleged to constitute the offense." The state provided Haynes with a copy of the indictment and referred him to the discovery in the case. Haynes moved to compel the state to provide a bill of particulars. The trial court overruled the

motion, citing precedent from the Sixth District Court of Appeals holding that a bill of particulars is not necessary when the state provides "open file" discovery.

{¶ 33} Haynes appealed to the Sixth District, contending, among other things, that the trial court erred in failing to require the state to provide a bill of particulars, thereby depriving him of notice about the time and place of the alleged offense. The Sixth District overruled the assignment of error. 2020-Ohio-6977, ¶ 46, 49. In doing so, it cited its own precedent that a bill of particulars is not required when the state provides open-file discovery. *Id.* at ¶ 48. It also explained that the information that Haynes said he was deprived of—the time and place of the alleged offense—was contained in the witness statements and police reports provided in discovery and that "a bill of particulars would not have provided the defense with any additional information." *Id.* at ¶ 49.

{¶ 34} Haynes now appeals to this court, arguing that the failure to supply a bill of particulars deprived him of notice as to what constituted "force" for the purposes of R.C. 2905.02(A)(1).

### *Haynes has forfeited the argument he presents to this court*

{¶ 35} The argument that Haynes now raises is different from the one he raised in the court of appeals. Here, he asserts that he was deprived of notice as to what acts had allegedly constituted "force" under R.C. 2905.02(A)(1). But in the court of appeals, Haynes maintained that he was deprived of notice about the time and place of the alleged offense. 2020-Ohio-6977 at ¶ 49. The only argument that Haynes made about force in the court of appeals concerned the sufficiency of the evidence, not lack of notice through a bill of particulars. *Id.* at ¶ 28.

{¶ 36} It is axiomatic that " '[r]eviewing courts do not consider questions not presented to the court whose judgement is sought to be reversed.' " *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997), quoting *Goldberg v. Indus. Comm.*, 131 Ohio St. 399, 404, 3 N.E.2d 364 (1936).

Remarkably, though, the majority rushes to judgment without even considering the consequences of Haynes's forfeiture. It errs in doing so.

### *Haynes did not suffer any prejudice*

{¶ 37} Not only does the majority overlook Haynes's procedural default, it also ignores the fact that the record demonstrates that Haynes suffered no prejudice from the state's failure to provide a bill of particulars.

{¶ 38} Perhaps the most basic rule of appellate procedure is that "in order to secure reversal of a judgment, [an appellant] must not only show some error but must also show that that error was prejudicial to him." *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967), citing *Ohio Life Ins. & Trust Co. v. Goodin*, 10 Ohio St. 557 (1860). This prejudice requirement is incorporated in the Rules of Criminal Procedure: Crim.R. 52 directs trial courts to disregard any "error, defect, irregularity, or variance which does not affect substantial rights." *See also State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7, quoting *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("The term 'substantial rights' has been interpreted to require that ' "the error must have been *prejudicial*" ' " [emphasis added in *Morris*]).

{¶ 39} Here, Haynes suffered absolutely no prejudice. As the court of appeals properly found, all the information he sought was contained in the discovery that was provided to him. 2020-Ohio-6977 at ¶ 49. The open-file discovery provided to Haynes well before the trial took place included police reports and witness statements in the case. *Id.* The indictment laid out the specific offenses that Haynes was accused of. And the underlying conduct for these offenses—including a description of what would constitute "force" for purposes of R.C. 2905.02(A)(1)—was included in one of only a handful of witness statements (the statement of John Decker). *Id.* Further, there is no indication that the

information sought by Haynes was buried in a pile of irrelevant information that made his trial preparation arduous.

{¶ 40} The majority tries to dance around the prejudice issue. It concedes that it is a "fair question" whether Haynes was actually prejudiced in his ability to defend himself. Majority opinion, ¶ 25. But it then goes on to say:

> [T]he indictment in this case was extremely scant, and it is difficult—even in light of what was presented at trial—to fully understand exactly what conduct amounting to the crime of abduction (rather than, say, interference with custody or contempt).

Majority opinion at ¶ 25.

{¶ 41} Talk about misdirection. Of course, Haynes wanted more facts than what was contained in the indictment—that doesn't establish prejudice, it explains why we must address prejudice. And the majority's concern that the evidence presented was not sufficient to constitute abduction might be relevant to a sufficiency analysis, but it has nothing to do with whether Haynes was on notice as to the state's evidence against him.

{¶ 42} The majority then says the state must prove that the error was harmless beyond a reasonable doubt and that "[i]t has not done so here." Majority opinion at ¶ 25. That's it. No analysis at all. Just a blanket assertion. At no point does the majority explain what facts Haynes could have gotten from a bill of particulars that were not contained in the witness statements, police reports, and the other items provided in discovery.

{¶ 43} The majority does claim that the "state's theory of the case was not clear until closing argument." Majority opinion at ¶ 28. But so what? The state is free to argue at trial whatever theory of the case it deems appropriate so long as the defendant is sufficiently apprised of the offense charged and the conduct giving rise

to that offense. *See State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985); *Stumbo v. United States*, 90 F.2d 828, 833 (6th Cir.1937) ("We know of no invasion of the rights of defendants in the failure of the court to require that the Government lay before them its entire case"). Haynes already had the information that he requested.

**{¶ 44}** We have found that when the specific facts that a bill of particulars would have provided were readily available to a defendant from information he already had obtained, the defendant "suffered no prejudice as a consequence of the denial [of the request for a bill of particulars]." *State v. Chinn*, 85 Ohio St.3d 548, 569, 709 N.E.2d 1166 (1999). That is plainly the case here.

### *Conclusion*

**{¶ 45}** Despite its breathless tone, the majority opinion does not identify any prejudice. And for good reason: all the information that Haynes sought from a bill of particulars was contained in the discovery provided to him. Further, Haynes failed to raise the argument below that he presents to this court. I would affirm the judgment of the Sixth District Court of Appeals. Therefore, I dissent from the majority's judgment.

KENNEDY, J., concurs in the foregoing opinion.

––––––––––––––––

Paul A. Dobson, Wood County Prosecuting Attorney, and David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

Lorin J. Zaner, urging reversal on behalf of amicus curiae, National Child Abuse Defense & Resource Center.

––––––––––––––––