[Cite as *State v. Kamer*, 2024-Ohio-1710.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-019

    Appellee                                Trial Court No. 2019CR0515

v.

Gregory Scott Kamer, Jr.                **DECISION AND JUDGMENT**

    Appellant                               Decided:  May 3, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Gregory Kamer Jr., appeals the March 9, 2023 judgment of the

Wood County Court of Common Pleas denying his motion to dismiss on double-jeopardy

grounds.  For the following reasons, we affirm.

## I.  Background and Facts

### A.  Prior appeal

{¶ 2} This is the second time Kamer's case is before us.  In *State v. Kamer*, 2022-Ohio-2070 (6th Dist.), we reversed Kamer's convictions of five counts of rape of a child less than ten years old and one count of gross sexual imposition, and remanded the case for a new trial, based on the trial court improperly admitting significant and extensive hearsay and Evid.R. 404(B) testimony that was not harmless beyond a reasonable doubt. *Id.* at ¶ 221-222.

{¶ 3} As relevant to this appeal, Kamer was indicted on 12 charges related to the sexual abuse of K.K. ("the child"), who was five years old at the time of the offenses. Counts 1, 2, 3, 4, 7, 8, 9, and 10 charged Kamer with rape in violation of R.C. 2907.02(A)(1)(b), each a first-degree felony; counts 5 and 11 charged him with gross sexual imposition in violation of R.C. 2907.05(A)(4), each a third-degree felony; and counts 6 and 12 charged him with disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1), each a fourth-degree felony.  The charges in the indictment were divided into two periods of time.  In counts 1 through 6, the state alleged that the crimes happened "[o]n or about December 1, 2018 to February 28, 2019[,]" and in counts 7 through 12, it alleged that the crimes happened "[o]n or about March 1, 2019 to July 29, 2019[.]"

{¶ 4} At trial, the child (who was seven years old at the time) testified, but her answers were "largely nonverbal or indecipherable[,]" and the prosecutor generally did

2.

not ask her to "clarify [her answers] for the record . . . ." *Kamer* at ¶ 21.  The state

elicited some information relative to the abuse, but the child's testimony did not provide

any information about the dates when the abuse happened or the sex acts involved.  *See*

*id.* at ¶ 23.

{¶ 5} To make up for the deficiencies in the child's testimony, the state had the

investigating detective and the children services caseworker who forensically interviewed

the child testify regarding statements the child made during the forensic interviews.  *Id.* at

¶ 30-31, 39-41.  All of the details regarding the dates that the abuse happened, and the

bulk of the details of the abusive acts, came from these witnesses.

{¶ 6} The jury ultimately convicted Kamer of rape in counts 7 through 10 and GSI

in count 11 of the indictment (the "convicted charges"), and found him not guilty of the

remaining counts (the "acquitted charges").[1]  *Id.* at ¶ 92.  The convicted charges were the

counts that allegedly happened between March 1 and July 29, 2019, and the acquitted

charges were the counts that allegedly happened between December 1, 2018, and

February 28, 2019.

{¶ 7} On appeal, Kamer argued in one of his assignments of error that his

indictment was impermissibly vague because it contained two sets of "carbon copy"

charges that were identical except for the date ranges, and the state did not provide a bill

---

[1] Kamer was acquitted of both counts of disseminating matter harmful to juveniles (i.e., count 6, which allegedly happened between December 1, 2018, and February 28, 2019, and count 12, which allegedly happened between March 1 and July 29, 2019).  Kamer's current appeal does not raise any issues regarding these counts, so they are not included in our consideration of this appeal.

3.

of particulars to clarify what he was accused of in each specific charge, which violated his due process rights and resulted in his convictions not being supported by sufficient evidence. *Id.* at ¶ 200. As a result, he claimed, "'[i]t will never be possible to untangle the charges and conduct a trail [sic] wherein it will be known, for a certainty, that the jury will render its verdict based only upon acts for which Mr. Kamer was not acquitted . . . .'" (Brackets and ellipsis sic.) *Id.* We reviewed the issue for plain error, and ultimately determined that the indictment was constitutionally sufficient and the evidence was sufficient to support four rape convictions and one GSI conviction. *Id.* at ¶ 204-205, 216.

{¶ 8} In reaching our conclusion, we found that the double-jeopardy argument Kamer raised was premature because the state differentiated the two sets of charges against Kamer using different timeframes. *Id.* at ¶ 218. We also noted the evidentiary difficulties the state would face at a retrial:

> [Kamer] was acquitted of four rapes and one GSI that occurred between December 1, 2018, to February 28, 2019, and convicted of four rapes and one GSI that occurred between March 1, 2019, to July 29, 2019. Under these circumstances, it is possible to determine what evidence the state can (and cannot) present at a retrial—i.e., the state would be limited to conduct occurring within the indictment period (March 1, 2019, to July 29, 2019) and would be precluded from presenting any evidence that cannot clearly be shown to have occurred on or after March 1, 2019.

4.

Considering the jury's acquittal of charges based on conduct predating March 2019, the lack of evidence placing conduct on a timeline with certainty presents significant issues for the prosecution should the state proceed to a second trial. *Compare State v. Kelley*, 2017-Ohio-4475, 83 N.E.3d 990 (6th Dist.) (state's use of evidence from outside the period listed in the indictment prejudiced appellant). But, at this juncture, Kamer raises nothing more than a "potential for a future Double Jeopardy problem . . .," which is not "grounds for reversal of a conviction that does not involve a current Double Jeopardy violation." *State v. Hartman*, 2016-Ohio-2883, 64 N.E.3d 519, ¶ 68 (2d Dist.)[.]

(Ellipsis sic.) *Id.* at ¶ 217-218.

## B. On remand

{¶ 9} When Kamer's case returned to the trial court, he filed a motion for a bill of particulars on the basis that "[t]he indictment is vague, indefinite, uncertain and insufficient in its terms and conclusions[,]" so he was "unable to reasonable [sic] know the nature and cause of the charges against him from the matters stated in the indictment, and is unable to prepare a defense to the charges in the indictment." The trial court granted the motion and ordered the state to provide a bill of particulars.

{¶ 10} About six weeks after the trial court issued its order, Kamer filed a motion to dismiss the indictment because the state failed to provide a bill of particulars. In response, the state filed a memorandum opposing dismissal, but also filed a bill of

5.

particulars. In its memo, the state claimed that "the evidence to support the indictment was clear to [Kamer] in his October 2020 jury trial, so [Kamer] has no argument of surprise or delay in understanding the charges or the evidence behind them." The trial court denied the motion to dismiss.

{¶ 11} In the bill of particulars, the state claimed that it provided open-file discovery, so it should not have to provide a bill of particulars.[2] It also noted that Kamer "and his current counsel participated in [Kamer's] jury trial in October 2020, where it was obvious how the State prosecuted each count in the indictment. [Kamer] has, therefore, been put on actual as well as constructive notice of all facts and evidence the State intends to use at trial (and used at trial)." Regardless, the state provided a little more information about each remaining charge.[3]

{¶ 12} The state said that each of the crimes "occurred on or about March 1 to July 29, 2019[,]" and happened at the motel where Kamer and the child lived at the time. For the rape charges, the state said that the victim of each count was K.K., "who is not the

[2] The state based its position on our line of cases culminating in *State v. Haynes*, 2020-Ohio-6977 (6th Dist.), in which we determined that the trial court did not err by failing to order the state to provide a bill of particulars because "a bill of particulars would not have provided the defense with any additional information . . . [and] the purpose of the bill of particulars was fulfilled." *Id.* at ¶ 49. The Supreme Court reversed our decision, finding that the state is required to provide a bill of particulars when a defendant requests one, and discovery is not a substitute for a bill of particulars. *State v. Haynes*, 2022-Ohio-4473, ¶ 28.

[3] The remaining charges against Kamer have been renumbered. Counts 7 through 11 of the original indictment (i.e., the convicted charges) are now referred to as counts 1 through 5. Counts 1, 2, 3, and 4 are the rape charges in violation of R.C. 2907.02(A)(1)(b), and count 5 is the GSI charge in violation of R.C. 2907.05(A)(4).

6.

spouse of [Kamer], and who was under ten (10) years of age at the time . . . ." The state also alleged a different type of penetration for each count: in count 1, the child "was vaginally penetrated by" Kamer; in count 2, the child "was anally penetrated by" Kamer; in count 3, the child "was orally penetrated by" Kamer; and in count 4, the child "was digitally penetrated by" Kamer. For the GSI charge, the state alleged that (1) the victim was K.K., "who is not the spouse of [Kamer], and who was under thirteen (13) years of age at the time[;] . . ." (2) the child "used her hands to touch [Kamer's] penis . . .[;]" and (3) Kamer "used his hands to touch K.K.'s erogenous zones . . . ."

{¶ 13} In February 2023, Kamer filed a second motion to dismiss. In this motion, he argued that the trial court should dismiss the indictment because the state—despite providing a bill of particulars—did not "delineate, at all, how Mr. Kamer is not being prosecuted once again on the charges upon which he was acquitted, as no distinction has been made" between the conduct underlying the acquitted charges and the conduct underlying the convicted charges, so further prosecution of the convicted charges violated double jeopardy. He claimed that the evidence at the first trial only supported violations that happened in the timeframe covered by the acquitted charges, and argued that neither the indictment, the bill of particulars, nor the record of the first trial provided him with notice of "what specific acts [the state] alleged to have been committed in which set of alleged offenses."

{¶ 14} In its response, the state argued that Kamer was essentially seeking summary judgment on the indictment, which is not allowed under Ohio law. Because the

7.

indictment, on its face, met all pleading requirements, the state said the court should deny Kamer's motion. The state also pointed out that Kamer's real complaint was with the bill of particulars (not the sufficiency of the indictment). Regarding the bill of particulars, the state argued that by specifying the date range of "March 1 to July 29, 2019," the bill of particulars "delineate[d] the acquitted charges from the charges still pending . . .[,]" which "necessarily provided [Kamer] with notice that the State will not seek convictions in violation of [his] double jeopardy rights."

{¶ 15} The trial court denied Kamer's second motion to dismiss. The court found that it could review the legal sufficiency of the indictment, but not the factual sufficiency of the case, and the bill of particulars could not create a legal defect in the indictment. It went on to note that Kamer raised the same arguments in his first appeal, but we rejected them and remanded the case for a new trial, so it was bound by the law of the case to follow our determination of the law.

{¶ 16} Kamer now appeals, raising one assignment of error:

The trial court erred in not dismissing the indictment against Mr. Kamer as violative of Mr. Kamer's rights against being placed in jeopardy twice for the same offense under the Ohio and United States Constitutions.

## II. Law and Analysis

{¶ 17} In his assignment of error, Kamer argues that the state's inability or refusal to provide specifics regarding the acts underlying the convicted charges means that a retrial will violate double jeopardy because he does not have sufficient information to plead his acquittals as a bar to further prosecution. The crux of his argument is that the state's bill of particulars did not "elucidate how the reversed charges are anything other than duplicates of the acquitted charges but for an arbitrarily imposed, and broad, date range." Essentially, he claims that the bill of particulars did not put him on notice of what the state accused him of doing from March 1 to July 29, 2019, so he cannot ensure that a retrial will not be based on conduct underlying the charges he was acquitted of in the first trial. He points out that the double-jeopardy issue he raised on remand is not the same issue that we addressed in *Kamer*, and that the record as a whole shows that a new trial on the convicted charges would, under the facts of this case, amount to retrying him on the acquitted charges.

{¶ 18} The state responds that we should dismiss Kamer's appeal because it "merely relitigates" our determination in *Kamer* that the indictment was constitutionally sufficient, and a motion to dismiss a criminal case is not a final, appealable order. Although it acknowledges that "traditionally, an appeal that alleges a violation of double jeopardy protections can be taken in an interlocutory fashion[,]" it claims that Kamer's motion to dismiss was not based on double jeopardy because "he does not support his

9.

sparce references to a potential double jeopardy violation with canonical double jeopardy decisions . . . ."

**{¶ 19}** Assuming that we do not dismiss this appeal, the state argues that (1) retrial following reversal for trial error does not violate double jeopardy, even when the defendant is convicted of some offenses and acquitted of others; (2) Kamer is essentially asking for summary judgment in his criminal case, which is not permitted; (3) any double-jeopardy violation is still only theoretical; and (4) Kamer is actually attacking the "sufficiency of his indictment and the adequacy of the State's response to his request for a bill of particulars[,]" which is also premature, and "at this juncture, any decision that addresses their propriety would be advisory."

**{¶ 20}** In his reply brief, Kamer points out that the double-jeopardy doctrine not only prevents conviction of offenses of which he has already been acquitted, but also prevents *trial* on any offenses of which he has been acquitted, and he can rely on the prior record in the case to establish his double-jeopardy claim. He argues that, because the state has not provided any additional differentiation between the charges alleged from December 2018 to February 2019 and the charges alleged from March to July 2019, he cannot use his prior acquittals to protect himself from being tried for the same offenses in a second trial (i.e., being twice put in jeopardy). He contends that the state had an opportunity to differentiate between the charges in the bill of particulars, but did not do so, and, as a result, he is entitled to have the remaining charges dismissed.

10.

## A. Kamer is appealing a final, appealable order.

{¶ 21} As a preliminary matter, we address the state's argument that the trial court's entry denying Kamer's motion to dismiss was not a final, appealable order. A trial court's denial of a defendant's motion to dismiss on double-jeopardy grounds is a final order that is immediately appealable. *State v. Anderson*, 2014-Ohio-542, ¶ 4. This is because requiring the defendant to wait until after the trial court issues its final judgment "vitiates one of the very protections the Constitution provides: the right not to be improperly forced to stand trial repeatedly for the same offense." *Id.* at ¶ 55.

{¶ 22} In this case, the state relies on Kamer's failure to cite "canonical double jeopardy decisions" to support its argument that he has not truly raised a double-jeopardy issue. However, the substance of Kamer's arguments challenges the trial court's ability to hold a new trial on the convicted charges because, under the facts of this case, he cannot plead his prior acquittals as a bar to further prosecution. This is firmly within the scope of double-jeopardy protections. *State v. Lovejoy*, 79 Ohio St.3d 440, 443 (1997) (The Double Jeopardy Clause "protects a person who has been acquitted from having to run the gauntlet a second time."). With that in mind, we reject the state's argument that the trial court's decision is not a final order.

## B. The record contains sufficient information to show that Kamer is not being subjected to jeopardy a second time.

{¶ 23} Turning to Kamer's assignment of error, we find that the record contains enough evidence to show that he is not facing jeopardy a second time on the convicted charges.

11.

**{¶ 24}** The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Mutter*, 2017-Ohio-2928, ¶ 15. Similarly, Article I, Section 10 of the Ohio Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." *Id.* The double-jeopardy protections afforded by the Ohio and United States Constitutions are coextensive. *Id.*

**{¶ 25}** The Double Jeopardy Clause protects against three abuses: "(1) 'a second prosecution for the same offense after acquittal,' (2) 'a second prosecution for the same offense after conviction,' and (3) 'multiple punishments for the same offense.'" *Id.*, quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794 (1989). Kamer's claim implicates the first and second abuses. Because his claim involves a purely legal question, we review de novo the trial court's judgment denying his motion to dismiss the indictment on double-jeopardy grounds. *Id.* at ¶ 13.

### 1. Retrial of the convicted charges is not per se prohibited.

**{¶ 26}** First, as argued by the state, we recognize that retrial of the convicted charges is not inherently impermissible. When an appellate court reverses a defendant's convictions, the Double Jeopardy Clause permits retrial on remand if the reversal is based on trial error (like improperly admitting evidence), but not if it is based on the prosecution presenting insufficient evidence to support the charges. *Girard v. Giordano*,

12.

2018-Ohio-5024, ¶ 10-11.  In *Kamer*, we reversed Kamer's convictions based on the trial court's extensive evidentiary errors, but noted that the evidence presented at trial was sufficient to support convictions of four counts of rape and one count of GSI—the charges Kamer was convicted of.  *Kamer*, 2022-Ohio-2070, at ¶ 216, 221 (6th Dist.).  Thus, because these convictions were reversed based on trial error, double-jeopardy principles do not automatically bar a retrial.

## 2.  On its face, the record—including the bill of particulars—distinguishes between the acquitted and convicted charges.

{¶ 27} Getting to the heart of Kamer's arguments, we find that there is sufficient information in the record to allow Kamer to plead his acquittal of the December 2018 to February 2019 charges as a bar to further prosecution.

{¶ 28} Kamer's complaints come down to the state's failure to provide a bill of particulars that includes detailed, specific facts relating to each count.  The state is required to provide a bill of particulars when the defendant requests one.  *Haynes*, 2022-Ohio-4473, at ¶ 24.  A bill of particulars is used only for the limited purpose of elucidating or particularizing the defendant's conduct that constitutes a charged offense.  *Id.* at ¶ 23, citing *State v. Sellards*, 17 Ohio St.3d 169, 171 (1985).  It is not "designed to provide the accused with specifications of evidence or to serve as a substitute for discovery."  *Sellards* at 171.  Therefore, "[a]ll known facts surrounding the offense need not be disclosed in the bill of particulars."  *State v. Donkers*, 2007-Ohio-1557, ¶ 141 (11th Dist.).  Regardless, "inexactitude" in the state's disclosures can "prove fatal to prosecution . . . if the absence of specifics truly prejudices the accused's ability to fairly

13.

defend himself." *Sellards* at 172. Importantly, however, the issue before this court is *not* whether the alleged "inexactitude" of the bill of particulars has somehow prejudiced Kamer's ability to fairly defend himself. Rather, the sole focus of this interlocutory appeal is whether the trial court record—*including* the bill of particulars—demonstrates that this case must be dismissed on double-jeopardy grounds. It does not.

{¶ 29} According to the bill of particulars, the alleged GSI—during which the child-victim, K.K., allegedly "used her hands to touch [Kamer's] penis and [Kamer] used his hands to touch K.K.'s erogenous zones. . ."—and the alleged vaginal rape, anal rape, oral rape, and digital rape against the same victim, K.K., "***occurred on or about March 1 to July 29, 2019[,]***" and happened at the motel where Kamer and the child lived at the time. (Emphasis added.) Kamer was acquitted of GSI, vaginal rape, anal rape, oral rape, and digital rape against K.K. that ***occurred on or about December 1, 2018, to February 28, 2019***. We reiterate that "[u]nder these circumstances, it is possible to determine what evidence the state can (and cannot) present at a retrial—i.e., the state would be limited to conduct occurring within the indictment period (March 1, 2019, to July 29, 2019) and would be precluded from presenting any evidence that cannot clearly be shown to have occurred on or after March 1, 2019." *Kamer* at ¶ 217.

{¶ 30} To the extent that Kamer argues that the state's evidence, as it exists in the record right now, will be insufficient to prove the convicted charges at a second trial, neither we nor the trial court can rule on the "general issue" in the case, which includes the merits or substance of the underlying charges. *State v. Owens*, 2017-Ohio-2909, ¶ 13

14.

(6th Dist.); *State v. Gaines*, 2011-Ohio-1475, ¶ 16 (12th Dist.). Nothing limits the state to presenting only evidence from the first trial at a retrial, and it is possible that the state could produce additional, admissible evidence supporting its case—for example, the child's testimony. Because of that, it would be premature for us to dismiss the case based on a perceived lack of evidence supporting the charges.

{¶ 31} In sum, the record affirmatively shows that the state is attempting to retry Kamer only on the convicted charges—thus allowing Kamer to protect himself from facing a second trial for the same charges—and we cannot delve more deeply into the quality or sufficiency of the state's evidence at this point. Consequently, the state can retry Kamer on the convicted charges without running afoul of the Double Jeopardy Clause. Therefore, Kamer's assignment of error is not well-taken.

### III. Conclusion

{¶ 32} For the foregoing reasons, the March 9, 2023 judgment of the Wood County Court of Common Pleas is affirmed. Kamer is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

Christine E. Mayle, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE


_____
JUDGE


_____
JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.