[Cite as *State v. Shafer*, 2018-Ohio-214.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :        Case No.   17CA1047

    vs.                                    :

JOHN D. SHAFER,                            :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                   :

_____

APPEARANCES:

Tyler E. Cantrell, West Union, Ohio, for appellant.

David Kelley, Adams County Prosecuting Attorney, and Kris D. Blanton, Assistant Adams
County Prosecuting Attorney, West Union, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:1-17-18
ABELE, J.

{¶ 1} This is an appeal from an Adams County Court judgment of conviction and

sentence.  The trial court found John D. Shafer, defendant below and appellant herein, guilty of

having physical control of a vehicle while under the influence in violation of R.C. 4511.194.

The court sentenced appellant to serve 180 days in jail, with 120 days suspended, and imposed

two years of community control.   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT
THE CONTINUANCE OF THE SENTENCING."

SECOND ASSIGNMENT OF ERROR:

"THE DEFENDANT-APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶ 2} On December 22, 2016, appellant was charged with operating a motor vehicle while under the influence of alcohol/drugs. Appellant entered a not guilty plea, but later agreed to plead guilty to having physical control of a vehicle while under the influence in violation of R.C. 4511.194, a first-degree misdemeanor. In exchange, the state agreed to recommended a 60-day suspended sentence and a $250 fine.

{¶ 3} The trial court ordered a presentence investigation report and set the matter for an April 10, 2017 sentencing hearing. On April 10, the court rescheduled the sentencing hearing to April 17. On April 17, appellant filed a motion to continue the sentencing hearing. Appellant asserted that he admitted himself to an addiction treatment facility. The court found that appellant failed to appear for sentencing and issued a bench warrant for his arrest.

{¶ 4} On July 10, 2017, the trial court held a sentencing hearing. At the start of the hearing, the court noted that (1) appellant failed to appear for the previously-scheduled sentencing hearing, (2) the court had ordered appellant to obtain weekly drug screens pending sentencing, but appellant had not obtained any. Appellant's counsel indicated that appellant was not aware that he needed to obtain weekly drug screens. Appellant's counsel also related that appellant had been admitted to an addiction treatment facility and that "the court was made aware of the admittance."

{¶ 5} Before continuing with the sentencing hearing, the trial court ordered appellant to undergo a drug screen to "[s]ee how long he's going to serve." Appellant, unfortunately, tested positive for marijuana. Appellant stated that he "smoked" marijuana when he was in jail.

{¶ 6} The trial court reviewed the presentence investigation report and observed that appellant had a criminal record dating to 2005, which included drug abuse/trafficking in drugs, burglary, receiving stolen property, rape, and theft. Appellant denied that he had "a Trafficking in Drugs [or Burglary] on [his] record," but he admitted the rape charge was true. Appellant stated that the theft charge is "supposed to be off [his] record." Appellant agreed that he has a "bad experience with drugs," but explained that he now receives counseling and that he has not "used hard drugs since" his recent involvement with the court.

{¶ 7} The trial court subsequently sentenced appellant to serve 180 days in jail, with 120 days suspended. This appeal followed.

I

{¶ 8} In his first assignment of error, appellant asserts that the trial court abused its discretion by denying his motion to continue the sentencing hearing. He asserts that as a result of the court's failure to continue the hearing, the court issued a bench warrant and imposed a harsher sentence. Appellant observes that the plea agreement recommended that he serve a 60-day suspended sentence, but the court ultimately sentenced appellant to serve 60 days in jail with 120 days suspended.

{¶ 9} "The determination whether to grant a continuance is entrusted to the broad discretion of the trial court." *State v. Conway*, 108 Ohio St.3d 214, 2006–Ohio–791, 842 N.E.2d 996, ¶147, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), syllabus.

Consequently, "'[a]n appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion.'" *State v. Jones*, 91 Ohio St.3d 335, 342, 744 N.E.2d 1163 (2001), quoting *Unger*, 67 Ohio St.2d at 67.

**{¶ 10}** "'[A]buse of discretion' [means] an 'unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken.'" *State v. Kirkland*, 140 Ohio St.3d 73, 15 N.E.3d 818, 2014–Ohio–1966, ¶67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008–Ohio–4493, 894 N.E.2d 671, ¶23. "An abuse of discretion includes a situation in which a trial court did not engage in a "'sound reasoning process."'" *State v. Darmond*, 135 Ohio St.3d 343, 2013–Ohio–966, 986 N.E.2d 971, ¶34, quoting *State v. Morris*, 132 Ohio St.3d 337, 2012–Ohio–2407, 972 N.E.2d 528, ¶14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The abuse-of-discretion standard is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *Darmond* at ¶34.

**{¶ 11}** A trial court reviewing a motion for a continuance may consider the following factors: "the length of the delay requested, prior continuances, inconvenience, the reasons for the delay, whether the defendant contributed to the delay, and other relevant factors." *State v. Jordan*, 101 Ohio St.3d 216, 2004–Ohio–783, 804 N.E.2d 1, ¶45, quoting *State v. Landrum*, 53 Ohio St.3d 107, 115, 559 N.E.2d 710 (1990); *accord State v. Unger*, 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981).

**{¶ 12}** In the case at bar, we are unable to conclude that the trial court abused its discretion by overruling appellant's motion to continue the sentencing hearing. One-half of an

hour before the sentencing hearing was scheduled to begin, appellant filed a motion to continue the hearing and claimed that he had admitted himself to a treatment facility. Appellant's motion to continue indicated that an attached fax documented appellant's admission to the facility. The motion does not, however, have any documents attached to it. Instead, on May 1, 2017, a document was filed that stated appellant was admitted to the treatment facility on April 26, 2017. Thus, according to this document, when appellant sought a continuance of the April 17, 2017 sentencing hearing, he had not yet been admitted to the treatment facility. Moreover, at the time the court considered appellant's motion to continue, it had no documentary proof that appellant had been admitted to a treatment facility. Appellant offered no other explanation for requesting a continuance of the April 17 sentencing hearing. Consequently, we have no basis whatsoever to conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by overruling appellant's motion to continue the sentencing hearing.

{¶ 13} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶ 14} In his second assignment of error, appellant argues that he did not receive effective assistance of counsel. Appellant contends that trial counsel performed deficiently by failing to properly argue the motion to continue and by failing to file a motion to suppress his urine test results.[1]

---

[1] Appellant asserts that trial counsel should have filed a motion to suppress the urine test results based upon the following statement that the prosecutor made at the change of plea hearing: "There aren't any normal urine test results. It appears that the officers gave him a urine test like you would get if you[] sent him upstairs to be tested, as opposed to sending it to a lab. So, that's why I am amending this to Physical Control."

{¶ 15} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, —— U.S. ——, 134 S.Ct. 1081, 1087–1088, 188 L.Ed.2d 1 (2014) (explaining that the Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶ 16} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *E.g., Strickland*, 466 U.S. at 687; *State v. Obermiller*, 147 Ohio St.3d 175, 63 N.E.3d 93, 2016–Ohio–1594, ¶83; *State v. Powell*, 132 Ohio St.3d 233, 2012–Ohio–2577, 971 N.E.2d 865, ¶85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶14. Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other").

{¶ 17} The deficient performance part of an ineffectiveness claim "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), quoting *Strickland*, 466 U.S. at 688; *accord Hinton*, 134 S.Ct. at 1088. "Prevailing professional norms dictate that with

regard to decisions pertaining to legal proceedings, 'a lawyer must have "full authority to manage the conduct of the trial.""' *Obermiller* at ¶85, quoting *State v. Pasqualone*, 121 Ohio St.3d 186, 2009–Ohio–315, 903 N.E.2d 270, ¶24, quoting *Taylor v. Illinois*, 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988). Furthermore, "'[i]n any case presenting an ineffectiveness claim, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."' *Hinton*, 134 S.Ct. at 1088, quoting *Strickland*, 466 U.S. at 688. Accordingly, "[i]n order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation." *State v. Conway*, 109 Ohio St.3d 412, 2006–Ohio–2815, 848 N.E.2d 810, ¶95 (citations omitted); *accord Hinton*, 134 S.Ct. at 1088, citing *Padilla*, 559 U.S. at 366; *State v. Wesson*, 137 Ohio St.3d 309, 2013–Ohio–4575, 999 N.E.2d 557, ¶81.

{¶ 18} Moreover, when considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008–Ohio–482, ¶10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g.,*

*Obermiller* at ¶84; *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶ 19} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "'but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome.'" *Hinton*, 134 S.Ct. at 1089, quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011–Ohio–3641, 952 N.E.2d 1121, ¶113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. Furthermore, courts may not simply assume the existence of prejudice, but must require the defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003–Ohio–1707, ¶22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002). As we have repeatedly recognized, speculation is insufficient to demonstrate the prejudice component of an ineffective assistance of counsel claim. *E.g., State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014–Ohio–3123, ¶22; *State v. Simmons*, 4th Dist. Highland No. 13CA4, 2013–Ohio–2890, ¶25; *State v. Halley*, 4th Dist. Gallia No. 10CA13, 2012–Ohio–1625, ¶25; *State v. Leonard*, 4th Dist. Athens No. 08CA24, 2009–Ohio–6191, ¶68; *accord State v. Powell*, 132 Ohio St.3d 233, 2012–Ohio–2577, 971 N.E.2d 865, ¶86 (stating that an argument that is purely speculative cannot serve as the basis for an ineffectiveness claim).

{¶ 20} In the case sub judice, after our review we do not believe that appellant has established that he received ineffective assistance of counsel. Appellant first claims trial counsel performed ineffectively by failing to properly argue the motion to continue. The record, however, contains no evidence to indicate that trial counsel performed deficiently in this respect. The record shows that trial counsel filed a written motion to continue the sentencing hearing that

asserted appellant had been admitted to a treatment facility. The motion indicated that an attached fax documented appellant's admission. The motion does not, however, have any documents attached to it. Instead, on May 1, 2017 a document was filed that stated appellant was admitted to the treatment facility on April 26, 2017. Thus, according to this document, when appellant sought a continuance of the April 17, 2017 sentencing hearing, he had not yet been admitted to the treatment facility. We are unable to conclude that trial counsel performed deficiently by failing to assert that the court should have continued the sentencing hearing due to appellant's alleged admission to a treatment facility when the written record demonstrates that appellant had not, in fact, been admitted to a treatment facility on the date of the April 17 sentencing hearing.

{¶ 21} We also reject appellant's argument that trial counsel performed ineffectively by failing to file a motion to suppress the results of appellant's urine-test. We note that a guilty plea constitutes "an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn.2; Crim.R. 11(B)(1); *accord United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (explaining that a guilty plea and subsequent conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"). Therefore, a guilty plea "'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.'" *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004–Ohio–3167, 810 N.E.2d 927, ¶78,

quoting *Menna*, 423 U.S. at 62, fn.2; *accord State v. Rogers*, 143 Ohio St.3d 385, 2015–Ohio–2459, 38 N.E.3d 860, ¶19. Consequently, a defendant who voluntarily, knowingly, and intelligently admits "in open court that he is in fact guilty of the offense with which he is charged * * * may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *Fitzpatrick* at ¶78. In other words, a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings. *State v. Ketterer*, 111 Ohio St.3d 70, 2006–Ohio–5283, 855 N.E.2d 48, ¶105; *State v. Storms*, 4th Dist. Athens No. 05CA30, 2006–Ohio–3547, 2006 WL 1882428, ¶9. Consequently, a guilty plea "'effectively waives all appealable errors at trial unrelated to the entry of the plea.'" *Ketterer* at ¶105, quoting *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus; *State v. Riley*, 4th Dist. Washington No. 16CA29, 2017-Ohio-5819, 2017 WL 2988070, ¶14.

{¶ 22} In the case sub judice, our review of the record reveals that appellant entered a guilty plea. He therefore waived the right to argue that trial counsel performed ineffectively by failing to file a motion to suppress the results of his urine-test result. *See e.g., Riley* at ¶33; *State v. Sharpe*, 4th Dist. Hocking No. 14CA9, 2015–Ohio–2128, 2015 WL 3513337, ¶9; *State v. Johnson*, 4th Dist. Hocking No. 14CA16, 2015–Ohio–854, ¶¶5–6.

{¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Shafer*, 2018-Ohio-214.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.