[Cite as *State v. Petrey*, 2024-Ohio-2118.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 23CA29 |
| Plaintiff-Appellee, | : | DECISION AND JUDGMENT ENTRY |
| v. | : | |
| Sandra B. Petrey, | : | **RELEASED 5/30/2024** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Christopher Pagan, Repper-Pagan Law, Ltd., Middletown, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio, for appellee.
_____
Hess, J.

{¶1}  Sandra B. Petrey appeals from a judgment of the Athens County Court of Common Pleas convicting her, following guilty pleas, of two counts of aggravated trafficking in drugs and one count of trafficking in cocaine with specifications for forfeiture of money in a drug case.  Petrey presents one assignment of error asserting that the State erred by refusing to provide a bill of particulars that set up the nature of the trafficking offenses and her conduct which constituted those offenses.  For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}  On June 5, 2023, Petrey was indicted on the following counts:  (1) Count One, aggravated trafficking in drugs (methamphetamine) in violation of R.C.

2925.03(A)(1), a first-degree felony; (2) Count Two, aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A), a first-degree felony; (3) Count Three, trafficking in cocaine in violation of R.C. 2925.03(A)(1), a second-degree felony; (4) Count Four, possession of cocaine in violation of R.C. 2925.11(A), a second-degree felony; (5) Count Five, aggravated trafficking in drugs (psilocybin) in violation of R.C. 2925.03(A)(1), a third-degree felony; and (6) Count Six, aggravated possession of drugs (psilocybin) in violation of R.C. 2925.11(A), a third-degree felony. Each count had a specification for forfeiture of money in a drug case in the amount of $8,832. All the offenses were alleged to have occurred on or about May 26, 2023.

{¶3} Petrey pleaded not guilty. On June 13, 2023, Petrey's counsel filed a demand for discovery and request for bill of particulars. The request for bill of particulars stated, "Defendant seeks specifically the nature of the offense charged, the events which led to Defendant's arrest, and what conduct Defendant allegedly committed which constitutes the offense charged." On June 16, 2023, the State filed a bill of particulars which essentially repeated the elements of the offenses set forth in the indictment. The bill of particulars also included the address where the offenses allegedly occurred and stated:

> See Response to Request for Discovery for further information.
>
> The First Assistant Prosecuting Attorney says further that under the laws governing Indictments and Bills of Particulars, the First Assistant Prosecuting Attorney is not required to disclose through a Bill of Particulars, the other evidentiary matters requested in the Defendant's Motion for a Bill of Particulars.

{¶4} Subsequently, Petrey's counsel moved to withdraw, and the trial court granted the motion. On June 27, 2023, the trial court appointed new counsel who filed

multiple documents that same day, including a demand for discovery and request for bill of particulars.  The request for bill of particulars stated:  "Defendant seeks specifically the nature of the offense charged, the events which led to Defendant's arrest, and what conduct [D]efendant allegedly committed which constitutes the offense charged." The State did not file a response to this request.

{¶5}    In July 2023, Petrey's counsel moved the trial court to modify bond.  During the hearing on that motion, defense counsel told the court that discovery had been provided. The court asked, "[W]as this the result of a search warrant?"  Counsel for both parties stated, "It was."

{¶6}    On October 3, 2023, Petrey signed a plea of guilty form stating that she was withdrawing her former not guilty plea and pleading guilty to each of the charges.  Among other things, the form states, "I understand the nature of these charges and the possible defenses I might have.  I am satisfied with my attorney's advice regarding any defenses I might have.  I am satisfied with my attorney's advice, counsel, and competence." The form states, "I understand I waive my right to have the prosecutor prove my guilt beyond a reasonable doubt on every element of each charge."  The form also states, "By pleading guilty I admit committing the offense and will tell the Court the facts and circumstances of my guilt."  (Emphasis deleted.)

{¶7}    The same day Petrey signed the plea form, the trial court conducted a change of plea hearing.  At the hearing, the assistant prosecutor stated:

> This is an incident that occurred on or about May 26th, 2023 and that did occur at 11547 Rainbow Lake Road in Athens County Ohio.  Which there was a search warrant that was conducted on the property in reference to suspicion of illegal narcotics being trafficked in and out of the area.  There was a long investigation that was done by the Athens County Sheriff's office.

SRT as well hit the house at that time. The search did yield methamphetamine, cocaine as well as psilocybin.

The assistant prosecutor told the court that there was no joint sentencing recommendation, but the State conceded the possession charges would merge into the trafficking charges for purposes of sentencing, and the parties agreed to forfeiture of the $8,832. Defense counsel told the court that what the assistant prosecutor had stated was "accurate," that there was no joint sentencing recommendation, that he had advised Petrey of all her rights, that he reviewed the plea form with her, that she understood and signed it, and that she was "prepared to plead at this time." The court then said, "Very good, stipulations sufficient, supporting facts constitutes finding of guilt [sic]?" Counsel stated, "Yes, your honor."

{¶8} During the plea colloquy, Petrey confirmed that she reviewed the plea form with her counsel, believed she understood it, and signed it. The trial court reviewed the charges and possible penalties, and Petrey confirmed she understood them. Petrey confirmed that she understood the nature of the charges and various rights she was waiving, including the "right to force the prosecution to prove [her] guilt beyond a reasonable doubt on each and every element on all six of these charges." She confirmed that she understood that by pleading guilty, she was admitting to committing all six offenses. Later, the court asked her, "And understanding all of your rights and advisements do you still wish to plead guilty to all six charges and want the court to accept those guilty pleas at this time?" Petrey said, "Yes, sir." The court accepted the guilty pleas and found Petrey guilty.

{¶9} At the sentencing hearing, the assistant prosecutor told the court that Petrey had "ruined so many people[']s lives by trafficking narcotics in and out of her home" and

that "[a]ll different forms of illegal narcotics * * * were being sold out of her home."  Defense

counsel told the court:

> [T]o get some remarks related to the incident which occurred here, this was a long investigation by the Athens County Sheriff[']s Office.  Quite frankly your honor, it was one of the best search warrants that I've read and I've done a lot of drug cases.  What made this one so, so good is that the State was patient in setting up their case.  They had confidential sources, they had confidential informants, they had direct surveillance, uhm, they had essentially all the different pieces of the puzzle to put this case together and ultimately enter this residence.  Now what I will say about the entry of the residence your honor, is upon contact with my client and after some discussion with her, she is ultimately the one who told them what was inside the backpack which is where the drugs were found.  But for her saying, it's in that backpack uhm, law enforcement would have been led to have to have to continuously search this residence for the drugs in question.  Another interesting thing your honor, is when it does come to this concept of genuine remorse, * * * I would note one thing that was said uhm, during the time of the search warrant being executed and the arrest of my client, a direct quote from her, when you are busted you are a busted [sic]."

Defense counsel also told the court, "[W]ith respect to what occurred here and even based

on the language of the search warrant uhm, this was essentially a two-person operation."

Counsel further stated, "I do believe the co-defendant was certainly more involved in the

sale and distribution of the narcotics.  Obviously, my client did have a part in that, she

was residing in this residence, she knew where the drugs were and clearly was tied in

with what was happening there."  The court later asked where the backpack was located,

and defense counsel said, "It was in the residence, your honor.  Uhm, a backpack by the

TV in the bedroom." The court asked if the assistant prosecutor could confirm Petrey

disclosed where the backpack was.  The assistant prosecutor said, "Uhm, she did indicate

where some of the drugs would be, yes and she uhm, the two of them were inside and

she was the more cooperative of the two uhm, she did admit to trafficking narcotics in and

out of her uhm, house."  Petrey told the court:

I'm sorry I got caught up in something I couldn't get myself out of. I mean I didn't uhm, I had two choices I could either called on what was going on [sic] or I could just stay in my room and let them come and get me and I decided either way I was going to get my charges so I just stayed in my room. I didn't fool with nothing other than staying in my room watching my TV and waiting for them to come and do their thing and that's why I said when you're busted, you're busted.

{¶10} The court found Count Two merged into Count One, Count Four merged into Count Three, and Count Six merged into Count Five. The court sentenced Petrey to a mandatory term of 9 to 13.5 years in prison on Count One, 8 years on Count Three, and 36 months on Count Five. The court ordered that the sentences run concurrently for an aggregate sentence of 9 to 13.5 years in prison. The court waived fines, ordered forfeiture of the $8,832, and ordered Petrey to pay court costs.

## II. ASSIGNMENT OF ERROR

{¶11} Petrey presents one assignment of error: "The State erred by refusing to provide a bill of particulars that set up the nature of the (A)(1) Trafficking offenses and Petrey's conduct that constituted those offenses."

## III. POSITIONS OF THE PARTIES

### A. Petrey's Position

{¶12} In the sole assignment of error, Petrey contends the State erred by refusing to provide a bill of particulars setting up the nature of the trafficking offenses and her conduct which constituted those offenses. Petrey maintains that she "had a constitutional right to know the nature and cause of the State's allegations against her." She asserts that "[t]o implement that right, the State is mandated to produce a bill of particulars" which "must particularize and outline the specific offense conduct," and the State "plainly" errs by refusing this obligation. She claims the State's response to her first request for a bill

of particulars was inadequate because it "failed to particularize and outline [her] sale, or offer to sell, 276 grams of methamphetamine, 131 grams of cocaine, or 45 grams of psilocybin on 26 May 2023." Instead, the bill of particulars "restated the (A)(1) Trafficking statutory language" and directed her to the State's response to her discovery request for further information. Petrey asserts that a bill of particulars "must do more than recite statutory language" and that "[t]he State does not fulfill [its] mandatory duty to particularize offense conduct by supplying discovery." She asserts that her new counsel "renewed her request for a bill," but the State "never complied." Petrey maintains that by renewing her request, her new counsel made a "sufficient objection" to the bill of particulars such that the State has the burden to show its refusal to provide an adequate one "was harmless beyond a reasonable doubt."

{¶13} Petrey claims that the State's error in refusing to provide an adequate bill of particulars "caused substantial prejudice" because it caused her to plead guilty "to offenses she did not commit" and caused the trial court to have a "false impression" that she "sold an enormous amount of contraband on 26 May 2023." Petry claims "[t]here [were] no surveilled or controlled sales from [her] on 26 May 2023. Instead, agents executed a search warrant at her property and seized a bookbag containing the contraband." Petrey asserts that "[a] proper bill would have alerted Petrey and trial counsel to the lack of a sale or offer to sell on 26 May 2023. It would have provided Petrey [with] a basis to proceed to trial on the allegations of a sale [or] offer to sell on 26 May 2023. It would have caused Petrey to reduce her liability to possession." Petrey maintains that "[t]here is an enormous difference between pushing 276 grams of methamphetamine, 131 grams of cocaine, and 45 grams of psilocybin into the community

by a sale, and simply possessing that contraband." She claims that "[w]ith a particularized bill, [her] actual conduct could have been matched to the allegations, and she could have prevailed on the (A)(1) Trafficking allegations or persuaded the trial judge at sentencing that the conduct did not include the sale of contraband." She asserts that "[t]he case must be remanded, and the sentencing judgment vacated."

### B.  The State's Position

**{¶14}** After Petrey filed her appellate brief, the State moved to supplement the record with documents showing that on June 30, 2023, the State electronically provided Petrey's new counsel with discovery and a bill of particulars. The documents indicate that among other things, the State provided counsel with a search warrant, a search inventory, and a bill of particulars identical to the one the State filed in response to the request by Petrey's former counsel with the exception of minor formatting differences. Petrey did not file a response to the State's motion to supplement, and we granted it.

**{¶15}** The State maintains that the contention that it never complied with Petrey's new counsel's request for a bill of particulars has been resolved by the supplemental record. The State asserts that Petrey did not challenge the adequacy of the bill of particulars at the trial level, so she has waived all but plain error review. The State contends that Petrey failed in her burden to show that there was plain error or that there is "a reasonable probability that but for the error, the outcome of her sentence would have been any different." The State asserts that "the facts and circumstances that were read into the record demonstrated more than sufficient details for Appellant to understand the allegations and her involvement in her case." The State asserts that Petrey has not provided "any proof whatsoever * * * that the trial court sentenced her under a false

contention that she had sold an 'enormous amount' of illegal narcotics on the day of the search warrant." The State asserts that Petrey's guilty pleas constitute a complete admission of guilt and that she "cannot now attack the * * * bill of particulars under the guise that there was error at the time of sentencing." The State asks us to find that Petrey "waived her right to argue any errors challenging the bill of particulars and affirm" her prison sentence.

## IV. LAW AND ANALYSIS

**{¶16}** Petrey never brought the State's alleged failure to provide an adequate bill of particulars to the trial court's attention. " 'Because a request for a bill of particulars, like a demand for discovery, is filed with the court but made directly to the prosecutor, the defendant is required to bring the [S]tate's failure to respond to the trial court's attention at a time when the error can be remedied.' " *State v. Shirley*, 12th Dist. Butler No. CA2012-07-127, 2013-Ohio-1948, ¶ 22, quoting *State v. Sims,* 9th Dist. Lorain No. 94CA005797, 1994 WL 581408, *3 (Oct. 19, 1994). " ' "[A] party forfeits, and may not raise on appeal, any error that arises during trial court proceedings if that party fails to bring the error to the court's attention, by objection or otherwise, at a time when the trial court could avoid or correct the error." ' " *State v. Shields*, 2023-Ohio-2331, 221 N.E.3d 91, ¶ 72 (4th Dist.), quoting *In re Adoption of B.L.F.*, 4th Dist. Athens No. 20CA11, 2021-Ohio-1926, ¶ 25, quoting *Cline v. Rogers Farm Ents., LLC*, 2017-Ohio-1379, 87 N.E.3d 637, ¶ 47 (4th Dist.). An appellate court may consider a forfeited argument using a plain-error analysis. *Id.*

**{¶17}** But " ' "[g]enerally, a guilty plea waives all appealable errors that may have occurred in the trial court, unless the errors precluded the defendant from knowingly,

intelligently, and voluntarily entering a guilty plea." ' " *State v. Edwards*, 4th Dist. Scioto No. 21CA3953, 2022-Ohio-1725, ¶ 12, quoting *State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 17, quoting *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 26.  We have explained:

> "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1).  *See also State v. Shafer*, 4th Dist. Adams No. 17CA1047, 2018-Ohio-214, ¶ 21, quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2 ("a guilty plea constitutes 'an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case' ").  A guilty plea " 'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.' "  *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna* at 62, fn. 2.  Thus, a defendant who "voluntarily, knowingly, and intelligently enters a guilty plea with the assistance of counsel 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' "  *Id.*, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "In other words, a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and nonjurisdictional defects in the proceedings."  *State v. Legg*, 2016-Ohio 801, 63 N.E.3d 424, ¶ 12 (4th Dist.), citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105; *State v. Storms*, 4th Dist. Athens No. 05CA30, 2006-Ohio-3547, ¶ 9.

*State v. Martin*, 4th Dist. Pike No. 19CA900, 2020-Ohio-3216, ¶ 6.

{¶18} The Supreme Court of Ohio has stated that " '[a] bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense.  A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery.' "  (Citations omitted.")  *State v. Haynes*, 171 Ohio St.3d 508, 2022-Ohio-4473, 218 N.E.3d 878, ¶ 23, quoting *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985).  "Bills of particulars must be provided on request," and the provision of discovery does not excuse

the failure to provide one. *Id.* at ¶ 24. However, the Supreme Court has also stated that the purpose of a bill of particulars "is to clarify the allegations in the indictment so that the accused may know with what he [or she] is charged in order to prepare his [or her] defense." *Foutty v. Maxwell*, 174 Ohio St. 35, 38, 186 N.E.2d 623 (1962). "Where * * * the accused, while represented by counsel, withdraws his [or her] plea of not guilty and enters a plea of guilty, *the need for a bill of particulars no longer exists*." (Emphasis added.) *Id.* "An accused by pleading guilty to an indictment *waives the right to a bill of particulars*." (Emphasis added.) *Id.* at 38-39.

{¶19} Petrey's sole assignment of error asserts that "[t]he State erred by refusing to provide a bill of particulars that set up the nature of the (A)(1) Trafficking offenses and [her] conduct that constituted those offenses." However, by pleading guilty, Petrey waived the right to a bill of particulars. *Foutty* at 38-39. She likewise waived any defect in the bill of particulars the State did provide. *State v. Bogan*, 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412, ¶ 25 ("a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings," so "any error related to a defect in the Bill of Particulars is waived").

{¶20} Some of Petrey's arguments suggest her guilty pleas were not knowing, intelligent, or voluntary due to the inadequacy of the bill of particulars, but even if she had properly assigned this issue as error, her suggestion lacks merit. Again, Petrey asserts that "[t]here [were] no surveilled or controlled sales from [her] on 26 May 2023. Instead, agents executed a search warrant at her property and seized a bookbag containing the contraband. * * * A proper bill would have alerted Petrey and trial counsel to the lack of a sale or offer to sell on 26 May 2023. It would have provided Petrey [with] a basis to

proceed to trial on the allegations of a sale [or] offer to sell on 26 May 2023." Essentially, Petrey asserts that because she did not receive an adequate bill of particulars, she and defense counsel did not realize she had a defense to the trafficking charges—the State lacked evidence that she sold or offered to sell controlled substances as alleged in the indictment.

{¶21} Petrey's suggestion that the State lacked evidence of a sale or offer to sell appears to be based on the absence of a surveilled or controlled sale from her on May 26, 2023. However, it is not axiomatic that without a surveilled or controlled sale from Petrey on that date, the State could not establish that Petrey sold or offered to sell controlled substances as alleged in the indictment. Moreover, Petrey does not support her assertion that there were no surveilled or controlled sales from her on that date with a citation to the record. Instead, Petrey seems to infer the absence of a surveilled or controlled sale from her on May 26, 2023, from the fact that law enforcement executed a search warrant at her property and seized a backpack containing drugs.

{¶22} Even if such an inference could be made from those facts, the documents in the supplemental record indicate that on June 30, 2023, the State provided defense counsel with a search warrant and search inventory. At the August 29, 2023 bond modification hearing, defense counsel told the trial court that discovery had been provided and that the case was the result of a search warrant. At the beginning of the change of plea hearing, the assistant prosecutor told the court that drugs were found during the execution of a search warrant. At the sentencing hearing, defense counsel indicated he was well-acquainted with the investigation and search in this case. He described the search warrant as one of the "best" he had read and noted that the sheriff's office had

"confidential sources," "confidential informants," and "direct surveillance." Petrey was aware that law enforcement found a backpack containing drugs during the search because she directed law enforcement to it, and none of defense counsel's statements at the sentencing hearing suggest he was unaware of that fact when Petrey entered her guilty pleas. Therefore, the record indicates Petrey and her counsel were aware of the facts which she suggests demonstrate she had a defense to the trafficking charges despite any defect in the bill of particulars. Consequently, we fail to see how any defect in the bill of particulars could have impacted the knowing, voluntary, or intelligent nature of Petrey's guilty pleas, particularly when Petrey indicated that she understood the nature of the charges, the possible defenses she might have, that she was waiving her right to have the prosecutor prove her guilt beyond a reasonable doubt, and that by pleading guilty, she was admitting to committing the charged offenses.

**{¶23}** For the foregoing reasons, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ATHENS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**